IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br><br><br>JACOB KINGSTON, ISAIAH KINGSTON, and LEV DERMEN,<br><br><br><br>Defendant. | **ORDER GRANTING JOINT MOTION TO INTERVENE AND DENYING MOTION TO PREVENT PRODUCTION OF SEIZED DOCUMENTS**<br><br>Case No. 2:18-cr-00365-JNP-BCW<br><br>Judge Jill N. Parrish<br><br>Magistrate Brooke C. Wells |

This matter was referred to the undersigned by Judge Jill N. Parrish pursuant to 28 U.S.C 636(b)(1)(A).[1] This court held a Status Conference in this matter on January 16, 2019, to address the *Intervenors' Joint Motion to Intervene for Limited Purpose of Opposing Disclosure of Documents and Motion to Stay Production of Seized Documents*[2] as well as *Intervenors' Joint Motion to Prevent Production of Seized Documents*.[3] The motion specifically seeks stay of discovery in order to protect disclosure of about 12,000 documents the intervenors claim are proprietary business records and/or protected by attorney-client privilege and work-product. The court GRANTS the motion to intervene and DENIES the Motion to Prevent Production of

---

[1] ECF No. 59.
[2] ECF No. 127. Both ECF No. 127 and 127-1 were filed under seal. However, at the hearing the intervenors consented to unseal the motions. Thus the hearing and this order are not sealed.
[3] ECF No. 127-1.

Seized Documents.

## BACKGROUND

After hearing argument on motions filed by all Defendants requesting prompt production of discovery, on December 7, 2018, this court entered an order, requiring the government to produce both "non-Attachment B relevant ESI" and "Attachment B relevant" materials to all defendants by this Friday, January 18, 2019.[4] The order specifies the government's production of both classes of documents is subject to the Clawback Discovery Protocol[5] (Protocol) and ordered all defendants to execute the Protocol by December 21, 2018.

Recognizing the government seized materials which are privileged or potentially privileged, the Protocol contains the following requirements with regard to production of privileged information:

> Given that these unfiltered Attachment B relevant materials may contain privileged information, attorneys for the defendants agree to carefully consider whether any of the unfiltered relevant material they or their clients review is subject to any evidentiary privilege, including but not limited to an attorney client privilege or work product protection. Upon discovering any item in the unfiltered relevant materials that may be subject to an evidentiary privilege, the defendants agree to cease reviewing that item. If defendants wish to review the potentially-privileged item further or use the potentially-privileged item in any way, they agree to take reasonable steps to identify the privilege holder3 and provide notice and a reasonable opportunity to litigate any assertion of privilege by the privilege holder.[6]

Intervenors argue there are approximately 12,000 documents in the government's upcoming discovery production that are proprietary business records, and/or protected by the attorney-client privilege or work-product doctrine. Intervenors also argue these documents are not relevant to the parties' claims or defenses. Accordingly, they request the court grant their motion to intervene, and also stay the production of these 12,000 documents.

---

[4] ECF No. 108.
[5] *See* ECF No. 98-1.
[6] *See* ¶7 of ECF No. 98-1.

**DISCUSSION**

Federal law does not explicitly provide for intervention in criminal contexts. Under the Federal Rules of Civil Procedure a party may intervene if they "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[7] Following the approach in the Federal Rules of Civil Procedure, the Tenth Circuit has held that "persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders."[8] Here, the intervenors have a significantly protectable interest in the documents seized from their businesses. Accordingly, the court GRANTS the intervenors' motion to intervene.

The court next considers the intervenors' *Motion to Prevent Production of Seized Documents.*[9] The gist of the intervenors' argument is that the government has failed to review the documents at issue for relevancy under Rule 16 and/or removed privileged, proprietary or confidential materials from its proposed production scheduled on January 18, 2019. It is clear the privilege has not been waived. The intervenors adamantly request that the government be ordered to not produce any of the privileged materials seized from the intervenors on February 10, 2016.

The court sympathizes with the intervenors' position. However, it also recognizes the need to balance all the issues at stake. Rule 16 of the Federal Rules of Civil Procedure, requires that the government:

---

[7] Fed. R. Civ. P. 24(a).
[8] *U.S.A v. Feeney*, 641 F.2d 821, 824 (10th Cir. 1981).
[9] *See* ECF No. 127-1.

> permit the defendant to inspect and to copy photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies of portions of any of these items, if the item is within the government's possession, custody, and control and:
>
>> (i) the item is material to preparing the defense[.]

At this time, due to the conditions of the search warrant, the government lawyers have not had access to the 12,000 documents at issue. Thus, the government does not know for certainty whether any of the 12,000 documents are "material" to any of the defendants' defense. Taking into consideration the possibility of having to produce privileged materials, the government and defendants executed the Protocol. The Protocol expressly provides that if the defendants stumble upon any unfiltered relevant material that may be subject to an evidentiary privilege, including attorney-client privilege, they are to cease reviewing the item. Moreover, if any of the defendants wish to review or use any potentially-privileged item they are to 1) identify the privilege holder and 2) provide notice and opportunity to litigate any assertion to privilege by the privilege holder.[10] The court believes the terms of the Protocol protect the rights and addresses the valid concerns raised by the intervenors in their motion to prevent production. At this time, it is unknown whether any of the defendants will wish to review and/or use any of the 12,000 intervenors' privileged documents. Thus, the issue of staying the production outright is not ripe.

Accordingly, the court GRANTS the Motion to Intervene [ECF No. 127] and DENIES the Motion to Prevent Production of Seized Documents. [ECF No. 127-1]. The government is to produce all discovery by January 18, 2019.

IT IS SO ORDERED.

DATED this 17 January 2019.

---

[10] None of the defendants objected to the intervenors becoming parties to the Protocol. Any intervenor who wishes to become a party to the Protocol must contact the government and execute the same by Friday, January 25, 2019.

Brooke C. Wells  
United States Magistrate Judge