IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br><br><br>JACOB KINGSTON, ISAIAH KINGSTON, and LEV DERMEN,<br><br><br><br>Defendant. | **ORDER GRANTING EXPEDITED REVIEW AND DENYING INTERVENORS' MOTION TO STAY**<br><br><br>Case No. 2:18-cr-00365-JNP-BCW<br><br>Judge Jill N. Parrish<br><br>Magistrate Brooke C. Wells |

This matter was referred to the undersigned by Judge Jill N. Parrish pursuant to 28 U.S.C 636(b)(1)(A).[1] Yesterday, January 17, 2019, the court issued an *Order Granting Joint Motion to Intervene and Denying Motion to Prevent Production of Seized Documents*.[2] Intervenors proceeded to file an expedited *Motion to Stay Order Denying Motion to Prevent Production of Seized Documents*[3] and a *Motion for Expedited Ruling on Motion to Stay*.[4] The motion requests an order prohibiting Defendants "from reviewing the documents produced yesterday while Intervenors' objection is briefed and decided by the district court[.]" After reviewing

---

[1] ECF No. 59.
[2] ECF No. 134.
[3] ECF No. 138.
[4] ECF No. 139.

intervenors' memoranda, the court GRANTS the *Motion for Expedited Ruling on Motion to Stay* and DENIES the *Motion to Stay Order Denying Motion to Prevent Production of Seized Documents.*

## BACKGROUND AND ANALYSIS

It appears the government produced discovery to the defendants in this case yesterday January 17, 2019, pursuant to this court's orders. Accordingly, intervenors ask this court to issue an order prohibiting the defendants from reviewing the production while their objection to the order denying their Motion to Prevent Production of the Seized Documents is briefed and decided by the district judge.

DUCrimR 57-16(B) provides that "[p]ending review of objections, motions for stay of magistrate judge orders initially must be addressed to the magistrate judge." Accordingly, the undersigned is reviewing the intevernors' motion to stay. The crux of the intervernors' request for the stay are as follows: 1) defendants' review of the documents will render the intervernors' right to appeal moot; 2) an order prohibiting review of the documents will preserve the status quo; 3) prejudice to the intervenors' outweighs prejudice to the government or defendants; and 4) intervenors' appeal is well-founded. The undersigned respectfully disagrees, and addresses each of these points below.

First, as stated in the undersigned's last order, all of the government's production is subject to the Clawback Discovery Protocol[5] (Protocol) executed by the parties in this case. The Protocol expressly prohibits the defendants from viewing or using any of 12,000 documents at issue. It states:

> Upon discovering any item in the unfiltered relevant materials that may be subject to an evidentiary privilege, the defendants agree to cease reviewing that item. If defendants wish to review the potentially-privileged item further or use the potentially-privileged

---
[5] *See* ECF No. 98-1.

item in any way, they agree to take reasonable steps to identify the privilege holder and provide notice and a reasonable opportunity to litigate any assertion of privilege by the privilege holder.[6]

Given that defendants are to cease review of any documents subject to any privilege upon stumbling on it, and then to proceed to utilize the process set forth in the Protocol, this argument is meritless.

Second, in support of their second argument intervenors cite a case from the District of Colorado, *Srebnick v. Dean*.[7] Although this case involved attorney-client privilege it is distinguishable from this case. That case was a civil case, a shareholders' derivative action, that does not implicate the constitutional requirements pertaining to discovery in a federal criminal case. Foremost, there was no intervention. The Plaintiff moved to compel production of documents under the corporate fiduciary exception to the attorney-client privilege. Here, the defendants are seeking discovery to defend themselves from a criminal indictment. Moreover, the court has entered a protective order as well as a Protocol that addresses the handling of privileged materials. Thus the holding in *Srebnick* is not dispositive here.

Third, the intervenors will not be prejudiced during their appeal because the Protocol prohibits the defendants from reviewing or using any of the privileged documents at any time, including the pendency of intervenors' appeal to the district judge.

Finally, the court did hear and consider intervenors' arguments pertaining to the requirements set forth in Rule 16. At the status conference held on January 16, 2019, before the undersigned, intervenors argued the 12,000 documents at issue are not material to the defense or government's case in chief, and that the documents belong to the intervenors. These points are not in dispute. However, until yesterday, these documents had been in the exclusive possession

---

[6] *See* ¶7 of ECF No. 98-1.
[7] Case No. 05-cv-1086-WYD-MJW, 2003 WL 1041788 (D. Colo. Apr. 19, 2006).

of the government's taint review team. Per the search warrant, the government attorneys have not seen, and cannot see these documents. Thus, since neither defense or government counsel have had access to the documents, it is unknown if any party will in fact use any of these documents in the case-in-chief. For this reason, the undersigned concluded this issue is not ripe. As previously explained, if at some point any party desires to view and/or use any of the 12,000 alleged privileged documents, they are to 1) identify the privilege holder, and 2) provide notice and opportunity to litigate any assertion of privilege. Finally, the court encouraged the intervenors to become parties to the Protocol. Based on these circumstances, the intervenors' motion to stay review of all of the government's discovery production is not well-founded. The intervenors' motion for stay is DENIED.

Accordingly, the Motion for Expedited Ruling on Motion to Stay [ECF No. 139] is GRANTED and the Motion to Stay Order Denying Production of Seized Documents [ECF No. 138] is DENIED.

IT IS SO ORDERED.

DATED this 18 January 2019.

Brooke C. Wells
United States Magistrate Judge

United States District Court
for the
District of Utah
January 18, 2019

******MAILING CERTIFICATE OF THE CLERK******

RE: **SEALED**
2:18cr00365 JNP-BCW

Tara L. Isaacson
BUGDEN & ISAACSON LLC
445 E 200 S STE 150
SALT LAKE CITY, UT 84111

Marc A. Agnifilo
BRAFMAN & ASSOCIATES
767 THIRD AVE FL 26
NEW YORK, NY 10017-2023

Scott C. Williams
SCOTT C WILLIAMS LLC
43 E 400 S
SALT LAKE CITY, UT 84111

Jon D. Williams
JON D WILLIAMS PC
9 EXCHANGE PLACE STE 600
SALT LAKE CITY, UT 84111

Mark J. Geragos
GERAGOS & GERAGOS APC
644 S FIGUEROA ST
LOS ANGELES, CA 90017

Samuel Alba
SNOW CHRISTENSEN & MARTINEAU
PO BOX 45000
SALT LAKE CITY, UT 84145-5000

Arthur J. Ewenczyk
US DEPARTMENT OF JUSTICE (TAX 601)
TAX DIVISION
601 D ST NW
WASHINGTON, DC 20004

Richard M. Rolwing
US ATTORNEY'S OFFICE
TAX DIVISION
303 MARCONI BLVD STE 200
COLUMBUS, OH 43215

/s/Aimee Trujillo
Aimee Trujillo