MARC A. AGNIFILO (NY 2476182)
TENY R. GERAGOS (NY 5517693)
**BRAFMAN & ASSOCIATES, P.C.**
767 Third Avenue, Floor 26
New York, NY 10017-2023
Telephone:  (212) 750-7800
Facsimile:  (212) 750-3906
Email: marc@braflaw.com
        tgeragos@braflaw.com

WALTER F. BUGDEN, JR. (480)
**BUGDEN & ISAACSON, LLC**
445 E 200 S, Suite 150
Salt Lake City, UT 84111
Telephone: (801)467-1700
Facsimile: (801)746-8600
Email: wally@bilaw.net

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH / CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JACOB ORTELL KINGSTON,<br><br>                    Defendant. | **NOTICE OF GOVERNMENT'S IMPROPER USE OF GRAND JURY**<br><br>Case No.  2:18-cr-00365-JNP-BCW<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Brook C. Wells |

We respectfully file this Notice to inform the Court of the Government's abuse of the Grand Jury process by subpoenaing at least one witness in order to prepare for trial, rather than any legitimate purpose such as a "continuing investigation." The Government is continuing to serve Grand Jury subpoenas to witnesses—specifically, to defendants' knowledge, at least one Kingston family member—in an effort to prepare for trial <u>and</u> in an effort to prevent the new defendants,

Sally and Rachel Kingston, from speaking to their family, due to their bail conditions requiring them to avoid all contact with potential witnesses.

1. <u>The Government's Has Stated Their Investigation Is Complete, and Therefore, the Government Is Improperly Using the Grand Jury</u>

It is improper for the Prosecution to use a grand jury for the primary purpose of strengthening the Government's case on a pending indictment or as a substitute for discovery. <u>United States v. Gibbons</u>, 607 F.2d 1320, 1328 (10th Cir. 1979); <u>United States v. Jenkins</u>, 904 F.2d 549, 559 (10th Cir. 1990); <u>United States v. Apperson</u>, 441 F.3d 1162, 1189 (10th Cir. 2006). Indeed, Courts hold that "the prosecution abuses the grand jury process when grand jury is used solely or primarily to gather or discover additional evidence, to preserve a witness's testimony, to pressure a witness, or to lock-in a witness's testimony." <u>United States v. Jackson</u>, 863 F. Supp. 1449, 1454 (D. Kan. 1994); <u>see also</u> <u>United States v. Gregory</u>, 2019 WL 202631 at *4 (D. Kan. Jan. 15, 2019) (same).

The burden is on the defendant to demonstrate that the "sole or dominant purpose" of seeking the evidence post-indictment was to prepare a pending indictment for trial. <u>Gibbons</u>, 607 F.2d at 1328. "The court should accept at face value the prosecution's word that the dominant purpose of the grand jury proceedings is proper, unless there is an 'indicative sequence of events demonstrating an irregularity.'" <u>Jackson</u>, 863 F. Supp. at 1453 (quoting <u>United States v. Raphael</u>, 786 F.Supp. 355, 358 (S.D.N.Y. Mar. 5, 1992).)

Here, Kingston can meet his burden that the Government's dominant purpose to serve subpoenas is to prepare for trial. As this Court is aware, the Government has repeatedly stated on the record that their investigation will conclude as soon as they return the Second Superseding Indictment in "mid January" 2019. (12/18/18 Transcript "Tr." at 9.) In fact, when asked directly by the Court if this will be their final indictment, the Government affirmatively agreed:

2

>THE COURT: Do you anticipate that if you obtain a superseding indictment on January 18th, that will be the last one?
>
>MR. EWENCZYK: At this point, Your Honor, we anticipate going to trial on that second superseding indictment.

(Id. at 10.) The Government then stated they would be continuing its investigation "[a]s a result of seeking the Second Superseding Indictment" and then will provide all discovery to defendants by the end of January. (Id. at 11.) As recently as this week, Richard Rowling wrote to all defense counsel, "Finally clarifying, there is no Third Superseding Indictment." The Government has thus far made repeated statement that the Second Superseding Indictment is the last and the investigation is not continuing.

Despite these statements, the Government has subpoenaed one witness—brother of Jacob and Isaiah, son of Rachel—for information related to United Fuel Supply. As this Court is aware, United Fuel Supply has been the subject of all three indictments and was targeted in the 2016 raid of the Kingston's offices. Therefore, there can be no legitimate purpose to any further subpoenas regarding Untied Fuel Supply. In short, due to the Government's repeated statements that they will be done superseding the Indictment after the mid-January indictment, it is clear that the "primary purpose" of the Grand Jury subpoena was to "strengthen[] the Government's case on a pending indictment." Apperson, supra at 2.

Alternatively, if the Government is indeed superseding again, they should alert the defendants and this Court immediately. The trial date has been the topic of numerous public filings (see, e.g., Dkts. 103, 105, 113, 114, 116, 117, 121, 126 130, 131, 160) and has necessitated a court conference in December. As stated above, it is highly improper to abuse the grand jury process by subpoenaing witnesses and records absent an impending superseding indictment. Therefore, the Government must be honest with this Court and the defendants about their dealings in this case. At this point, we are in the dark.

2. <u>If the Government Is Subpoenaing Witnesses to Add "Potential Witnesses" to the Released Defendants "No Contact" Provisions in Their Release Conditions, That Is Highly Improper and Must Cease Immediately</u>

As stated above, the defendants are aware only of Kingston witnesses who are being subpoenaed. As part of co-defendants Rachel and Sally Kingston's release conditions, both women must "avoid all contact with those name persons, who are considered either alleged victims, potential witnesses and/or codefendants." (<u>See</u> Dkts. 148, 149 at 2.) The new subpoena was directed to a family member of both Rachel and Sally Kingston and now adds to the list of witnesses who Rachel and Sally cannot speak to. If the Government is issuing subpoenas to unnecessarily add to the list of people that Rachel and Sally cannot speak to, this is highly inappropriate and must cease immediately.

3. <u>Conclusion</u>

The Government cannot have it both ways—it cannot tell the Court on one hand that they will abide by the January 2019 discovery cut-off and go to trial on the January Second Superseding Indictment, then on the other hand continue to amass evidence for trial in the Grand Jury. The Government cannot on one hand tell the Court that this is the last indictment that they intend on trying, yet continue the investigation to possibly supersede. Which one is it? Accordingly, this Court must know the truth in order to set a firm trial date in this matter.

Dated:    January 29, 2019
          Salt Lake City, UT

                              Respectfully submitted,

                              **Brafman & Associates, P.C.**

                       By: _____
                              Marc A. Agnifilo, Esq., Of Counsel
                              Teny R. Geragos, Esq.

cc:    All Counsel (via ECF)