MARC A. AGNIFILO (NY 2476182)
TENY R. GERAGOS (NY 5517693)
**BRAFMAN & ASSOCIATES, P.C.**
767 Third Avenue, Floor 26
New York, NY 10017-2023
Telephone: (212) 750-7800
Facsimile: (212) 750-3906
Email: marc@braflaw.com
      tgeragos@braflaw.com

WALTER F. BUGDEN, JR. (480)
**BUGDEN & ISAACSON, L.L.C.**
445 East 200 South, Suite 150
Salt Lake City, UT  84111
Telephone:  (801) 467-1700
Facsimile:  (801) 746-8600
Email:  Wally@bilaw.net

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH / CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JACOB ORTELL KINGSTON,<br><br>    Defendant. | **RESPONSE TO GOVERNMENT'S MOTION TO QUASH SUBPOENAS TO SPECIAL AGENT WADE BERRETT AND ASSISTANT SPECIAL AGENT IN CHARGE TYLER HATCHER**<br><br>Case No.  2:18-cr-00365-JNP-BCW<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Brook C. Wells |

      Jacob Ortell Kingston, by and through counsel, hereby provides the following response to

the Government's Motion to Quash Subpoenas, ECF 163.

I.    **Background**

On January 22, 2019, the Government provided defense counsel with a copy of the Second Superseding Indictment that was returned on January 17, 2019.  Four days later, on January 26, 2019, counsel for Jacob Kingston sent an email to the prosecution team, asking if the prosecution intended to call an agent to the stand at the upcoming hearing, as it had done at every previous hearing.  The email further stated that if the prosecution was not intending to call an agent to the stand, that the defense may subpoena or ask the prosecution to produce one or more agents to testify at the hearing.

On January 28, 2019, the Government replied to this request, stating that it did not intend to put on live testimony at the upcoming hearing. The Government further stated that any subpoena would have to comply with the so-called "Touhy" regulations, requiring that the defense specify the scope and relevance of the intended testimony. The Government further stated that it would move to quash any such subpoena "regardless of compliance with the Touhy regulations, as improper and without sufficient factual or legal basis for this proceeding."

Defense counsel replied to the Government's email the next day, January 29, 2019, stating, "Thank you Leslie.  We do intend to subpoena Special Agent Wade Barrett. We can address the Touhy issues later today and tomorrow. But, given the time crunch, we are asking if you will accept service of a subpoena for the same agent – S.A. Barrett – that you previously called at prior detention hearings. Thank you. Marc." Later that same day, the Government responded that it would accept service of the subpoena. That same day, January 29, 2019, defense counsel went to the court house to get subpoenas to serve on the Government. Later that same day, defense counsel contacted a Special Agent at the FBI in regard to following proper procedures in regard to the Touhy regulations. By email that same day, defense counsel advised

the Government of the steps the defense had taken in order to coordinate with the FBI and to comply with the Touhy regulations. Moreover, on that same day, January 29, 2019, the defense sent to the Government a memorandum setting forth the topic areas that it would want to pose to the agent at the hearing.

II.    **The Government's Argument in Refusal to Permit the Introduction of This Evidence**

The Government **should have to call a witness**, as this Court has previously indicated in the detention hearing for Isaiah Kingston. It is indeed noteworthy that the Government is refusing to permit this Court to make this important bail decision based on a full and complete record.  It is also noteworthy that in prior bail hearings, the Government called agents on each occasion and that it not only refuses to do so here, but goes so far as to take the position that the defense is not permitted to develop an appropriately full and complete record. The defense has taken the position that the heart and soul of the Government's case – the purportedly massive tax fraud perpetrated by Jacob Kingston – is based on unreliable evidence and the uncorroborated accounts of cooperators who are not worthy of belief. The defense position is in direct contradiction to the representations made by the Government concerning the merits of its case at each detention hearing held to date. The Government has squarely put the merits of this prosecution front and center in its prior bail applications and that defense has every right to show this Court that the Government's position is factually unfounded. In addition, the weight of the evidence is an established factor to be considered by the Court in making a bail determination. The defense believes that the Government has avoided fully informing the Court as to the true nature of the tax and fraud case.

Also, the Government does not want to the Court to know the truth about the chats between Kingston and the Government cooperator related to "Commissioner Gordon" and other matters. As the Government argued in its Response to Jacob Kingston's Motion for Release, Kingston "now stands charged with conspiracy to commit obstruction of justice offenses…as well as of destroying or concealing evidence." (Gov't Response at 25.) The Government submits that these new charges (which have been alleged but never charged during the five months of this case) are enough to show that Kingston "poses a serious danger to the community and especially to potential government witnesses." (Id.) Yet, the Government refuses to bring an agent to Court to allow the defense to refute this. When the Court learns the truth – and it will – it will see why the Government was so eager to keep this a secret for as long as it could. The Government's case is not what it seems and is certainly not the case it has portrayed to this Court time and again.

The Government is not actually concerned that we will divine its trial strategy.  Rather it is concerned that the truth about this case will come into the light, which is the last place the Government wants it to be. Jacob Kingston will not flee this case. He looks forward to proving his innocence and he hopes he can do so as a free man after a full and fair hearing on the merits.

There is no doubt that Your Honor enjoys broad discretion in how to proceed at tomorrow's hearing. We therefore respectfully request that you permit us to call an agent – even if the Government refuses to – and to assemble an appropriately thorough record on which the Court may rule on the very important issue of Jacob Kingston's detention.

4

5

In conclusion, we feel strongly that the Government should call an agent —as it has in every hearing this far—especially where the Government has added substantial charges against Kingston.

DATED this 30th day of January, 2019.

Respectfully submitted,

**Brafman & Associates, P.C.**

By: _____

Marc A. Agnifilo, Esq., Of Counsel
Teny R. Geragos, Esq.

cc:     All Counsel (via ECF)