MARC A. AGNIFILO (NY 2476182)
TENY R. GERAGOS (NY 5517693)
**BRAFMAN & ASSOCIATES, P.C.**
767 Third Avenue, Floor 26
New York, NY 10017-2023
Telephone: (212) 750-7800
Facsimile: (212) 750-3906
Email: marc@braflaw.com
       tgeragos@braflaw.com

WALTER F. BUGDEN, JR. (480)
**BUGDEN & ISAACSON, L.L.C.**
445 East 200 South, Suite 150
Salt Lake City, UT  84111
Telephone:  (801) 467-1700
Facsimile:  (801) 746-8600
Email:  Wally@bilaw.net

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH / CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     vs.<br><br>JACOB ORTELL KINGSTON,<br><br>             Defendant. | **DEFENDANT JACOB KINGSTON'S**<br>**MEMORANDUM ON THE**<br>**RELATIONSHIP BETWEEN**<br>**SECTIONS 3161(h) AND 3164**<br><br>Case No. 18-cr-00365-JNP-BCW<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Brook C. Wells |

Jacob Ortell Kingston, by and through counsel, hereby provides the following brief in

response to the Court ordering the parties to address how courts should weigh the three §

3161(h)(6) factors adopted by the Tenth Circuit when they are being applied in the context of § 3164.[1]

1.      **Introduction**

On Tuesday, February 19, 2019, the Court directed counsel to provide briefing concerning the relationship between the ninety-day release provision of Title 18, United States Code, Section 3164 and the statutory exclusions to speedy trial under Title 18, United States Code, Section 3161(h). While this area of law appears to have been settled by a 1979 amendment to Section 3164 stating that "(t)he periods of delay enumerated in section 3161 are excluded in computing the time limitations specified in this section," the Tenth Circuit decision in United States v. Theron, 782 F.2d 1510 (10th Cir. 1986) examined whether the language in the 1979 amendment is inconsistent with other language in Section 3164, specifically 3164(c), that draws a distinction between delay caused by a defendant and delay caused by other factors, or indeed other co-defendants. The first issue therefore is whether Section 3164 requires a different analysis for a defendant's release from custody than the calculation under Section 3161(h) concerning the dismissal of an indictment. The second issue is that even if Section 3161(h)'s exclusions apply to Section 3164's release provision, whether they also apply to a second provision of Section 3164 provision concerning "automatic review" of detention.

2.      **Cases Preceding the 1979 Amendment to Section 3164**

To sufficiently understand the import of the 1979 amendment and how it relates to Section 3164(c), we must first examine several cases interpreting Section 3164 at a time prior to the 1979 amendment. Three cases in particular, United States v. Tirasso, 532 F.2d 1298 (9th Cir. 1976), United States v. Corley, 548 F.2d 1043 (D.C. Cir. 1976) and United States v. Mejias, 417

---

[1] Dkt. 191.

F. Supp 579 (S.D.N.Y. 1976) collectively provide insight into the reasons behind the 1979 amendment to Section 3164.

In United States v. Tirasso, 532 F.2d 1298 (9th Cir. 1976), the court confronted a situation where two defendants were indicted in one district and brought to a second district, resulting in the defendants being incarcerated for a period in excess of ninety days without the case moving to trial. The Honorable Anthony Kennedy (then a Circuit Court Judge), writing for the court, held that under Section 3164, the defendants had to be released despite the fact that the ninety-day delay was reasonable due to the lengthy investigation and the massive nature of the criminal scheme. The Ninth Circuit was critical of the mandatory nature of Section 3164's ninety-day release provision, stating, "the wisdom of the result Congress has decreed is questionable."[2] The Court then noted, "(b)ut this result is the only one open to us under the plain terms of the statute."[3] The Court concluded by stating, "(i)t is discouraging that our highly refined and complex system of criminal justice is suddenly faced with implementing a statute that is so inartfully drawn as this one.  But this is the law, and we are bound to give it effect."[4]

In United States v. Corley, 548 F.2d 1043 (D.C. Cir. 1976), defendant's kidnapping trial was adjourned due to a delay in filing pretrial motions and the illness of the trial judge such that the defendant was incarcerated for over ninety-days without the matter proceeding to trial. Pursuant to a local rule for the U.S. District Court for the District of Columbia (Rule 2-7), the trial judge "held that the excludable time periods enumerated in Section 3161 of the Speedy Trial Act apply to computations of the 90-day period under Section 3164."[5]  The Court of Appeals for

---

[2] Id. at 1300.
[3] Id. at 1301.
[4] Id.
[5] Id. at 1044.

the D.C. Circuit upheld the trial court's rationale, explicitly declining to follow the Ninth Circuit's <u>Tirasso</u> decision.

Rather, the decision in <u>Corley</u> followed the Southern District of New York's decision in <u>United States v. Mejias</u>, 417 F. Supp 579 (S.D.N.Y. 1976), where the court observed, "a careful reading of the legislative history of the Speedy Trial Act of 1974 leads to the conclusion that it was the intent of Congress to have the exclusions set out in Section 3161(h) apply to the interim limited of Section 3164 as well."[6] The <u>Mejias</u> decision goes on to say, "Section 3164 was introduced in order 'that certain minimal speedy trial requirements be placed into operation…pending the full effectiveness of Sections 3161 and 3162."[7]

By 1979, therefore, Congress, seeing the criticism of Section 3164 leveled by the Ninth Circuit in <u>Tirasso</u> and seeing that the D.C. Circuit in <u>Corley</u> and the District Court in the S.D.N.Y. in <u>Mejias</u> were already reading Section 3161's exceptions into Section 3164, amended Section 3164 to explicitly incorporate the Section 3161(h) exceptions. However, in doing so, Congress did not change the language of 3164(c), which made an explicit distinction between adjournments prompted by a particular defendant and adjournments that were prompted by other factors. The first issue is how the language of the amendment impacted the pre-existing language of 3164(c) on the subject of how the ninety-day release provision would be calculated.[8]

---

[6] <u>Id.</u> at 582.
[7] <u>Id.</u> *quoting* Senate Committee on the Judiciary, Speedy Trail Act of 1974, Report on S. 754, S. Rep. No. 93-1021, 93rd Cong., 2d Sess., at p.45 (1974).
[8] The second issue, addressed below, is whether the Section 3161(h) exclusions apply to both provisions of Section 3164, specifically the so-called "release provision" as well as the so-called "automatic review" of detention provision.

**3.      Section 3164 Post-Amendment**

The 1979 Amendment added a single sentence to Section 3164(b) as indicated in bold below. However, in order to understand the ambiguity posed by the amendment to the rest of the statute, the language of the statute must be set forth.

Section 3164(a) provides in relevant part that "(a) the trial or other disposition of cases involving – (1) a detained person who is being held in detention solely because he is awaiting trial…shall be accorded priority."

Section 3164(b) states in relevant part that:

> The trial of any person described in subsection (a)(1) or (a)(2)[9] of this section shall commence not later than ninety-days following the beginning of such continuous detention…. **The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section**.[10]

Section 3164(c) states in relevant part that:

> failure to commence trial of a detainee as specified in subsection (b), through no fault of the accused or his counsel…shall result in the automatic review by the court of the conditions of release. No detainee…shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial…"

In reviewing the statute, subsection (a) is straightforward and reflects a principle most trial judges apply, specifically that trials of incarcerated defendants are given priority. Subsection (b) becomes more explicit in its requirements, stating that trials of incarcerated defendants shall commence within ninety days. After the 1979 Amendment, it is clear that this requirement that trials be commenced in ninety days is subject to the exclusions found in Section 3161(h). The analysis becomes tricky due to subsection (c), which contains two different but related provisions. The first provision is that "failure to commence trial of a detainee….through

---

[9] (a)(2) deals with persons who have been released from custody and is not relevant to this analysis.
[10] Emphasis added.

no fault of the accused or his counsel…shall result in the automatic review by the court of the conditions of release."

Counsel for Jacob Kingston (we do not speak for any other defendant) is of the view that this requirement – that detention shall be reviewed automatically – is not subject to the exclusions of Section 3161(h). When Congress incorporated the Section 3161(h) limitations into Section 3164, it was concerned only about the release of defendants, not about whether or not a judge would review conditions of release. The cases critical of Section 3164 prior to the 1979 Amendment were critical of the "release provision" of the statute, not the provision calling for a review of a defendant's detention status. Also, Congress' concern was not that defendants were having their conditions of detention reviewed by a judge, but that judges were compelled to release defendants without regard to other considerations due to the mandatory nature of Sections 3164's release provision. Finally, the language, "through no fault of the accused or his counsel" appears only in this first provision. While, as discussed below, the second provision does reference the first, Congress does not repeat the "through no fault of the accused or his counsel" language in the release provision. Rather, this language is only contained in the "automatic review" of detention provision of Section 3164(c).

The second provision of Section 3164(c), the so-called "release provision," provides that "(n)o detainee…shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial…" This provision provides that not only shall the trial judge review the defendant's detention status, but the trial judge shall release the defendant after ninety days of incarceration. For the reasons set forth in the <u>Theron</u> decision, discussed below, defendant Jacob Kingston (we again do not speak for other defendants) asserts that the Section 3161(h) exceptions do apply to the release provision of Section 3164(c).

**4.     The Theron Analysis of Section 3164**

The Tenth Circuit is one of the few circuits to have conducted a thorough analysis of the relationships between Section 3164(b) and 3164(c) and between Section 3164 and Section 3161(h) after the 1979 Amendment. The Theron court acknowledged of course that Section 3164 provides that "periods of delay enumerated in section 3161(h) are excluded in computing the time limitation," but that the defendant nonetheless argued that Section 3164(c) "prohibits excluding periods of delay that result from the actions of co-defendants." The defense in Theron admitted the incorporation of the Section 3161(h) exclusions but argued that the exclusions must be interpreted in a manner consistent with Section 3164(c), "which mandates a pretrial detainee's release if he has been detained longer than ninety days 'through no fault of the accused or his counsel.'"[11] It is worth noting that the defense argument in Theron was directed only at the defendant's release not on the subject of review by the trial judge of the conditions of detention.

The Tenth Circuit was not persuaded by the defendant's argument and concluded that "Congress did not intend this parsing of the Section 3161(h) exclusions."[12] The Court continued, "were we to adopt Theron's theory, very few of the Section 3161 exclusions would apply to Section 3164."[13] Therefore, it seems clear that the Tenth Circuit has incorporated all of the 3161(h) exclusions into 3164. This includes delays prompted by the defendant asking for release as well as delays prompted by co-defendants. However, the Court's analysis did not stop there.

The Court noted an inherent inconsistency between Section 3161 and 3164, specifically that after the passage of seventy days, the case must be dismissed under Section 3161, but under Section 3164, detention must be reviewed after ninety days. Rhetorically speaking, how can it be that the court is charged with reviewing detention after ninety days if it would have already

---

[11] Id. at 1515.
[12] Id. at 1516.

dismissed the case twenty days earlier? The Court reasoned, therefore, that the statutes may not be truly congruent on how the time passes under each. The Court then focused on the concept of "reasonable delay," and noted that a reasonable delay under Section 3161, when dismissal of the Indictment is in the balance might mean something different than when the issue is pretrial release, rather than dismissal.[14] In this regard, the Court was careful to avoid a "bright line" in terms of the counting of days in granting or denying release. Rather, the Court seized on the issue of what is a "reasonable delay" in the context of pretrial release given all the circumstances and all the bases for past adjournments.

5.      **The Relevance of Theron to the Instant Case**

It is likely that all three incarcerated defendants will bring one of two types of detention motions before this Court in the coming week. Jacob Kingston will bring a motion for his release following a denial by Magistrate Judge Brooke C. Wells. There is no dispute that Jacob Kingston has not had the subject of his detention considered by the District Court and that this motion is a matter of right.

Isaiah Kingston and Lev Dermen will bring motions that due to changes in circumstances from the time of their initial release motions, they are entitled to a review of their detention. However, it appears that in addition to the change of circumstances, they may have a second basis for this Court to review their detention status, specifically one created by Section 3164 due to their continued detention for a ninety-day period. A fair reading of Section 3164 is that a person detained for ninety-days through no fault of that person or his counsel is entitled to a mandatory detention review. Even assuming that the exclusions of Section 3161(h) apply to the

---

[13] Id.
[14] Id.

release provision of Section 3164(c), they should not apply, for the reasons set forth in Section 4 above, to the automatic review provision of the statute.

**6.  Conclusion**

This analysis leads to the following conclusions:

A.  The exclusions of Section 3161(h) apply to the release provision of Section 3164(c);

B.  The exclusions of Section 3161(h) do not apply to the "automatic review" of detention provision of 3164(c);

C.  In determining whether a defendant is entitled to a review of detention, therefore, the court must look to whether that defendant has caused prior adjournments or delays of the trial;

D.  The Court should generally consider the passage of time and the reasons for delay in determining the propriety of a particular defendant's release on conditions; and

E.  The Court must, or at a minimum, should, permit Isaiah Kingston and Lev Dermen to make renewed applications for release due to the passage of ninety days of their being incarcerated.

Finally, counsel asks the Court to consider the passage of time, the bases for the various adjournments, as well as the fact that the Government waited several months, while three defendants were incarcerated, to return the second superseding indictment. These are all factors that this Court should, most respectfully, consider in determining two important issues: (1) should, or indeed must, a defendant's detention be reconsidered (an issue pertinent to Isaiah Kingston and Lev Dermen) and (2) whether a defendant should in fairness be released from custody due, in part, to the passage of time which was beyond his control.

DATED this 24th day of February, 2019.

Respectfully submitted,

**Brafman & Associates, P.C.**

By:    /s/

Marc A. Agnifilo, Esq., Of Counsel
Teny R. Geragos, Esq.

**Bugden & Isaacson, LLC**

By:    /s/

Walter F. Bugden, Esq.

cc:    All Counsel (via ECF)

## Certificate of Service

I certify that on the 24th day  of February 2019, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF electronic filing system, which will send notice of electronic

filing to counsel of record in this case.

/s/Teny Rose Geragos
TENY R. GERAGOS