CARA M. TANGARO (9197)
Tangaro Law, P.C.
35 West Broadway, Suite 203
Salt Lake City, Utah 84101
Telephone: (801) 673-9984
cara@tangarolaw.com

*Attorney for Rachel Ann Kingston*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | **OBJECTION TO MAGISTRATE JUDGE'S DECEMBER 7, 2018 ORDER (ECF NO. 100) AND MOTION FOR BILL OF PARTICULARS** |
|---|---|
| Plaintiff, | |
| v. | |
| JACOB O. KINGSTON, *et al.*, | Case No. 2:18-cr-00365-JNP |
| Defendants. | Honorable Jill N. Parrish |

In accordance with 28 U.S.C. § 636(b)(1)(C), Rachel Ann Kingston ("Ms. Kingston") hereby objects to the Protective Order entered by Magistrate Judge Brooke Wells on December 7, 2018 (Dkt. 100), pursuant to the government's Motion for Protective Order (Dkt. 99), and requests the Court's *de novo* review. Ms. Kingston also moves the Court for an order requiring the government to provide her with a bill of particulars so she can prepare a defense and avoid prejudicial surprise at trial.

In support of her objection to the Magistrate's order and her Motion for a Bill of Particulars, Ms. Kingston hereby incorporates by reference, to the extent applicable, the recitation of facts as well as the arguments set forth in Defendant Sally Kingston's memorandum ("Sally Kingston's Motion") filed on February 21, 2019 (Dkt. 194).

I.     BACKGROUND

Ms. Kingston hereby incorporates by reference the recitation of factual events as laid out in Sally Kingston's Memo as applicable to the case as a whole.

The government first indicted Ms. Kingston in the Second Superseding Indictment (the "Indictment") filed on January 17, 2019. The government unsealed the Indictment and arraigned Ms. Kingston on January 22. The government charged Ms. Kingston with conspiracy (Counts 1, 23), money laundering (Counts 40-41), and destroying records (Count 45). The Indictment alleges that Ms. Kingston "was a resident of Utah, the mother of Defendants Jacob Kingston and Isaiah Kingston, and the "Special Projects Manager" at Washakie." (Indictment ¶ 5.) The Indictment also alleges that Ms. Kingston is a member of the Davis Cooperative Society. (Indictment ¶ 11.) Those two paragraphs comprise the sum total of the government's specific allegations regarding Ms. Kingston.

## II.  ARGUMENT

Ms. Kingston hereby incorporates by reference the arguments set forth in Sally Kingston's Memo regarding both the Objection to the Magistrate's previous order, entered before Ms. Kingston was indicted, as well as the Motion for a Bill of Particulars.

As detailed in Sally Kingston's Memo, Ms. Kingston cannot adequately prepare for trial if the Jencks material is only produced three weeks prior to trial, especially in light of the additional limitation that defendants not be notified of key witnesses against them until three days before trial. The Court should revise the Protective Order.

Additionally, the Court should order the government to produce a bill of particulars to adequately apprise Ms. Kingston of the charges against her. As detailed in Sally Kingston's Memo, the government's style of group-pleading throughout the Indictment prohibits Ms. Kingston from fully evaluating and defending herself from the charges against her.

In the short time Ms. Kingston has been involved in this case, one thing is clear: the government is seeking to obfuscate the charges in order to prevent the defendants from adequately preparing for trial. In the government's Motion for Protective Order, it wrote:

> the government has informed defense counsel that, while it reserves its right to produce some Jencks Act type material consistent with the statutory provision, it is willing to provide the bulk of the Jencks Act material two to three weeks before whatever is the final and certain trial date. More specifically, even with an early production of the bulk of the

> Jencks Act type material, the government reserves the right not to provide the most sensitive of the Jencks Act type materials prematurely due to the obvious safety concerns it has for many of the United States' witnesses. While in some cases, an ex parte in camera showing to the Court may be made by the government to support such concerns, the government submits that sufficient evidence was introduced during the detention hearings to support such safety concerns.

(Dkt. 99 at 2-3.) The government has maintained this position while also advocating for detention of certain defendants to specifically address those same alleged safety concerns. Yet the government has been unable to articulate any present safety concerns that are posed against any witnesses. The government is claiming a nonexistent right to have its cake and eat it too.

The government continues to assert this position in its recent filing setting forth its position on the length of trial and trial calendar. (Dkt. 198.) It maintains it will produce the "Bulk" of the Jencks Act materials three weeks before trial. (Dkt. 198 at 3.) Yet the government has never explained to this Court or Judge Wells what "bulk" actually means and when it plans to produce the *entirety* of the material.

### III.   CONCLUSION

In addition to incorporating by reference the relief sought in Sally Kingston's Motion, Ms. Kingston respectfully asks this Court to order the government to explain (1) how much Jencks Act material is in its possession; (2) how much of that material it will produce three weeks before trial, and (3) when defense counsel will actually receive the remainder of the material.

DATED: February 25, 2019

                                               /s/ Cara Tangaro
                                               CARA M. TANGARO
                                               Attorney for Defendant Rachel Ann Kingston

# CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, the foregoing **OBJECTION TO MAGISTRATE JUDGE'S DECEMBER 7, 2018 ORDER (ECF NO. 100) AND MOTION FOR BILL OF PARTICULARS** was served on the person(s) named below via the Court's electronic filing system:

Adam S. Elggren
U.S. ATTORNEY'S OFFICE
111 Main Street, #1800
Salt Lake City, UT 84111
Adam.elggren@usdoj.gov

Arthur J. Ewenczyk
Leslie A. Goemaat
U.S. DEPARTMENT OF JUSTICE
TAX DIVISION CRIMINAL ENFORCEMENT
601 D. Street NW 7th Floor
Washington, CD 20004

Richard M. Rolwing
U.S. ATTORNEY'S OFFICE – TAX DIVISON
303 Marconi Blvd., Suite 200
Columbus, OH 43215

*Attorneys for the United States of America*

Marc A. Angifilo
Teny R. Geragos
BRAFMAN & ASSOCIATES
767 Third Avenue, Floor 26
New York, NY 10017
magnifilo@braflaw.com
tgeragos@braflaw.com

Walter F. Bugden
Tara L. Isaacscon
BUGDEN & ISAACSON, LLC
445 East 200 South, Suite 150
Salt Lake City, UT 84111
wally@bilaw.net
tara@bilaw.net

*Attorneys for Jacob Kingston*

Mark J. Geragos
Linda Moreno
GERAGOS & GERAGOS APC
644 S. Figueroa Street
Los Angeles, CA 90017
mark@geragos.com
geragos@geragos.com

Jon D. Williams
JON D. WILLIAMS, PC
9 Exchange Place, Suite 600
Salt Lake City, UT 84111
jwilliam@lawyer.com

*Attorneys for Lev Dermen*

Scott C. Williams
SCOTT C. WILLIAMS, LLC
43 East 400 South
Salt Lake City, UT 84111
scwlegal@gmail.com

*Attorney for Isaiah Kingston*

D. Loren Washburn
Jacob L. Fonnesbeck
SMITH WASHBURN, LLP
8 East Broadway, Suite 320
Salt Lake City, UT 84111
lwashburn@smithwashburn.com
jfonnesbeck@smithwashburn.com

*Attorneys for Sally L. Kingston*

Samuel Alba
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
P.O. Box 45000
Salt Lake City, UT 84145
sa@scmlaw.com

*Attorneys for Intervenors*

                              /s/ Jayme Mackay