IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>   vs.<br><br>JACOB ORTELL KINGSTON,<br>ISAIAH ELDEN KINGSTON,<br>LEV ASLAN DERMEN,<br>  a/k/a Levon Termendzhyan<br><br>                   Defendants. | Case No. 2:18CR00365<br><br>POST-INDICTMENT RESTRAINING ORDER PURSUANT TO<br>21 U.S.C. § 853(e)(1)(A)<br><br>**FILED UNDER SEAL**<br><br>Judge Jill N. Parrish |

      The United States has made an *ex parte* application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a restraining order to preserve the availability of certain property that the United States seeks to forfeit in this case. Upon consideration of the United States' application it appears to the Court that there is reasonable cause to enter a restraining order to preserve the property described in Exhibit A (hereinafter "Subject Property") for forfeiture based upon the following:

      1.     That a federal grand jury for this district returned a second superseding indictment ("Indictment") charging the Defendants with multiple crimes including a conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341 and money laundering in violation of 18 U.S.C. §§ 1956 and 1957.  ECF No. 135 ("Ind.").  Furthermore, the Indictment contains a notice that:

> Any and all investments made using proceeds, and any gains from those investments, including investments in … Set-App, and Biopharma, including investments by SBK Holdings USA, Inc., and SBK Holding AS in Turkey . . . .

Page **1** of **7**

are subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as proceeds traceable to a wire fraud conspiracy, and 18 U.S.C. § 982(a)(1)[1] as property involved in money laundering under 18 U.S.C. § 1956.  Ind. at 56-60.

      2.      That the Indictment contains a notice that the Subject Property is subject to forfeiture "as property, real or personal, that constitutes or is derived from proceeds traceable to the conspiracy" and as property involved in money laundering or traceable to such violations. Ind. at 56-58.

      3.      That the grand jury specifically found:

> probable cause to believe that the listed defendants have committed the crimes specified in the above forfeiture notice and that the above properties [including the Subject Property"] listed for forfeiture are 1) constituted or derived from proceeds traceable to the mail fraud conspiracy, or 2) connected to the money laundering crimes as property involved in such crimes or property traceable to the property involved in such crimes.

Ind. at 60.

      4.      That the Declaration of Special Agent Zackary A. Snow included with the government's application describes the Subject Property and Sezgin Baran Korkmaz's actual or potential access to and/or control of the Subject Property, either personally, through associates, or through entities he owns or controls.

---

[1] The government acknowledged in its application that the reference in the Indictment to "21 U.S.C. § 982(a)(1)" is a clerical error and should read 18 U.S.C. § 982(a)(1).

5.      That the Subject Property for which the order is sought would, in the event of the Defendants' convictions, be subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and/or 982(a)(1).

6.      That any third-party claims to the Subject Property may be brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

7.      That the Court has authority to enter this order pursuant to 21 U.S.C. § 853(e)(l) as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, Sezgin Baran Korkmaz and his agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and all persons and entities with knowledge of this Order, and those persons, financial institutions, or entities who have any interest or control over the Subject Property, are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability or value of the Subject Property, including but not limited to: 1) distributing any of the Subject Property to the defendants in this matter, or their relatives, entities, proxies, or anyone on their behalf, or 2) directly or indirectly, selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, hypothecating or in any way diminishing the value of, or cause anyone else to do so, the Subject Property.

IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the Subject Property.

IT IS FURTHER ORDERED that any Subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1), incorporated by 18 U.S.C. § 982(b)(1), as an alternative to the restraint of the subject property.  After notice to the United States and an opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond.

IT IS FURTHER ORDERED that as soon as practicable the IRS or other appropriate federal agency shall serve a copy of this Restraining Order upon Sezgin Baran Korkmaz and shall a make a return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

Dated: April 29, 2019.

SO ORDERED:

_____
Jill N. Parrish
United States District Judge

**Exhibit A**

The property subject to the court's restraining order is described as follows:

1.      The following funds that were sent from bank accounts (identified below by the last four digits of the account number) owned by Washakie Renewable Energy, LLC ("WRE") to bank accounts in Turkey that Sezgin Baran Korkmaz owns, controls, or currently has or may have access to, directly or indirectly:

| Date | Source of Funds | Amount | Paid to |
|---|---|---|---|
| 09/09/2013 | WRE 4874 | $4,000,000.00 | Komak Isi Yalitim Sisteamleri Sanayi |
| 09/09/2013 | WRE 4874 | $5,000,000.00 | Komak Isi Yalitim Sisteamleri Sanayi |
| 11/13/2013 | WRE 4874 | $10,000,000.00 | SBK Holding Turkiye Garanti Bankasi |
| 12/31/2013 | WRE 4874 | $13,000,000.00 | Komak Isi Yalitim Sisteamleri Sanayi |
| 01/14/2014 | WRE 4874 | $100,000.00 | Dogadogan |
| 01/24/2014 | WRE 4874 | $50,000.00 | Dogadogan |
| 03/12/2014 | WRE 4874 | $10,000,000.00 | Jacob Kingston at Garanti Bank |
| 03/24/2014 | WRE 4874 | $4,055,700.00 | Teknoloji Sistemleri San Ve Tic |
| 03/24/2014 | WRE 4874 | $5,000,000.00 | Teknoloji Sistemleri San Ve Tic |
| 05/09/2014 | WRE 4874 | $2,000,000.00 | Teknoloji Sistemleri San Ve Tic |
| 07/22/2014 | WRE 4874 | $200,000.00 | Doga Dogan Bahcelievler Subesi |
| 09/05/2014 | WRE 4874 | $100,000.00 | Doga Dogan Bahcelievler Subesi |
| 04/28/2015 | WRE 4987 | $15,000,000.00 | Turkiye Garanti Bankasi A.S. |
| 05/19/2015 | WRE 0257 | $35,000,000.00 | Isanne SARL at Turkiye Garanti Bank |
| 05/27/2015 | WRE 0257 | $21,300,000.00 | Isanne SARL at Turkiye Garanti Bank |
| 06/11/2015 | WRE 8856 | $200,000.00 | Turkiye Garanti Bankasi A.S. |
| 12/14/2015 | WRE 9829 | $2,100,000.00 | Jacob Kingston at Garanti Bank |
| 12/28/2015 | WRE 9829 | $6,900,000.00 | Jacob Kingston at Garanti Bank |

2.      Any property purchased with the funds identified above, including any investments purchased with such funds and any appreciation thereto, that Sezgin Baran Korkmaz owns, controls, or currently has access to, directly or indirectly, including but not limited to real property owned in the name of Setap or Mega Varlik and located in Turkey as follows:

| City | Town | Neighborhood | Ada No. | Parcel No. | M² | Owner |
|---|---|---|---|---|---|---|
| Istanbul | Besiktas | Ortakoy | 38 | 19 | 287,00 | Setap |
| Istanbul | Besiktas | Kuru Cesme | 172 | 18 | 80,00 | Setap |
| Istanbul | Besiktas | Kuru Cesme | 1283 | 5 | 198,00 | Setap |
| Istanbul | Besiktas | Kuru Cesme | 1283 | 6 | 225,75 | Setap |
| Istanbul | Besiktas | Kuru Cesme | 1283 | 7 | 276,25 | Setap |

3. The following funds, and any appreciation or assets later purchased with such funds, sent to SBK Holding AS's bank account at Garanti Bankasi from SBK Holdings USA, Inc. (after Isanne SARL sent SBK Holdings USA, Inc. $15,000,000, on July 3, 2015):

| Date | Wire Out To | Amount |
|---|---|---|
| 3/25/2016 | SBK HOLDING AS Turkiye Garanti Bankasi | $458,000.00 |
| 10/21/2016 | SBK HOLDING AS Turkiye Garanti Bankasi | $6,000,000.00 |
| 11/8/2016 | SBK HOLDING AS Turkiye Garanti Bankasi | $15,000,000.00 |
| 11/8/2016 | SBK HOLDING AS Turkiye Garanti Bankasi | $265,000.00 |

4. The following funds, and any appreciation or assets later purchased with such funds, wired from an account owned by Noil Energy Group Inc. ending in 8583 in the United States and to the following accounts in Turkey:

| Date | Wire Out To | Amount |
|---|---|---|
| 2/17/2016 | SBK HOLDING AS Turkiye Garanti Bankasi | $3,885,135.00 |
| 3/22/2016 | Komak Isi Yalitim Sistamleri Sanayi | $3,810,000.00 |
| 9/28/2016 | SBK HOLDING AS Turkiye Garanti Bankasi | $11,000,000.00 |

5. The following funds, and any appreciation or assets later purchased with such funds, wired from an account owned by Speedy Lion Renewable Fuel Investments, LLC ending in 399 in the United States to the following account in Turkey:

| Date | Wire Out To | Amount |
|---|---|---|
| 10/27/2015 | Turkiye Garanti Bankasi | $6,999,950.00 |
| 10/28/2015 | Turkiye Garanti Bankasi | $12,999,950.00 |

These funds may be related to $6,999,950.00 and $12,999,950.00 wired to Speedy Lion Renewable Fuel Investments, LLC previously on June 22 and June 23, 2015, by Yilmaz Alpetkin, who was associated with SBK Holding AS.

United States District Court
for the
District of Utah
April 29, 2019

******MAILING CERTIFICATE OF THE CLERK******

RE:    USA v. Kingston et al
       2:18cr365 JNP-BCW


Cy H. Castle
US ATTORNEY'S OFFICE
via email

Arthur J. Ewenczyk
US DEPARTMENT OF JUSTICE (TAX 601)
via email

Richard M. Rolwing
US ATTORNEY'S OFFICE TAX DIVISION
via email

Leslie A. Goemaat
USDOJ TAX DIVISION CRIMINAL ENFORCEMENT SECTION
via email

_____

Aimee Trujillo