IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB ORTELL KINGSTON, et al.,<br><br>Defendants. | Case No. 2:18CR00365<br><br>POST-INDICTMENT RESTRAINING ORDER PURSUANT TO<br>21 U.S.C. § 853(e)(1)(A)<br><br>Judge Jill N. Parrish |

The United States has made an *ex parte* application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a restraining order to preserve the availability of certain property that the United States seeks to forfeit in this case. Upon consideration of the United States' application it appears to the Court that there is reasonable cause to enter a restraining order to preserve the property described in Exhibit A (hereinafter "Subject Property") for forfeiture based upon the following:

  1.  That a federal grand jury for this district returned a second superseding indictment charging the Defendants with multiple crimes including a conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341.  ECF No. 135. The indictment also charged the Defendants with money laundering conspiracies and various substantive money laundering charges involving some of the Subject Property.  Ind. at 29-30, 32, 35, 38, and 45.

  2.  That the Indictment contains a notice that the Subject Property is subject to forfeiture "as property, real or personal, that constitutes or is derived from proceeds traceable to the conspiracy" and as property involved in money laundering or traceable to such violations.

Page **1** of **5**

Ind. at 56-58.

3. That the grand jury specifically found:

> probable cause to believe that the listed defendants have committed the crimes specified in the above forfeiture notice and that the above properties [including the Subject Property"] listed for forfeiture are 1) constituted or derived from proceeds traceable to the mail fraud conspiracy, or 2) connected to the money laundering crimes as property involved in such crimes or property traceable to the property involved in such crimes.

Ind. at 60.

4. That the Subject Property for which the order is sought would, in the event of the Defendant's convictions, be subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and/or 982(a)(1).

5. That any third-party claims to the Subject Property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

6. That the Court has jurisdiction to enter this order pursuant to 21 U.S.C. § 853(e)(l) as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, Jacob Ortell Kingston, Isaiah Elden Kingston, Lev Aslan Dermen, Rachel Ann Kingston, and Sally Louise Kingston, and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and all persons and entities with knowledge of this Order, and those persons, financial institutions, or entities who have any interest or control over the Subject Property, are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability or value of the Subject Property, including but not limited to, directly or indirectly, selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, hypothecating or in any way diminishing the value of, or cause anyone else to do so, the Subject Property.

IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the Subject Property.

IT IS FURTHER ORDERED that any Subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1), incorporated by 18 U.S.C. § 982(b)(1), as an alternative to the restraint of the subject property.  After notice to the United States and an opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond.

IT IS FURTHER ORDERED that since this order will be served through the Court's electronic filing system upon the attorneys for each of the persons subject to this restraining order, that the no further service is required.

//

//

//

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

Dated: July 2, 2019.

SO ORDERED:

_____
Jill N. Parrish
United States District Court Judge

**Exhibit A**

The property subject to the Court's restraining order is described as follows:

- Real property located at:

    - 2072 East Creek Road, Sandy, UT;
    - 16572 Somerset Lane, Huntington Beach, CA;
    - 4400 S 700 E, Salt Lake City, UT;
    - 4829 S. 3960 W., Taylorsville, UT;
    - 4271 South 1300 East, Salt Lake City, UT;
    - 1415 W. Crystal Ave., Salt Lake City, UT;
    - 13 Acres FM 511 @ FM 184 7, Brownsville, TX;
    - Parcel #07-090-0002 Box Elder County, UT;
    - Parcel #07-037-0001 Box Elder County, UT;
    - Parcel #08-041-0004 Box Elder County, UT;
    - Parcel #08-04L-0019 Box Elder County, UT;
    - Parcel #08-041-0020 Box ElderCounty, UT;
    - Parcel #08-041-0025 Box Elder County, UT;
    - Parcel #08-041-0026-28 Box Elder County, UT;
    - Parcel #08.,.042-0018 Box Elder County, UT;
    - Parcel #08-045-0005 Box Elder County, UT;
    - Parcel #08-052-0008 Box Elder County, UT;
    - 2973 W Mackay Meadows PL, Salt Lake City, UT;
    - 2338 S 1360 W, Salt Lake City, UT;

- 2010 Bugatti Veyron with the following Vehicle Identification Number ("VIN") VF9SC2C23AM795205; and

- 2015 Lamborghini Aventador with the following VIN: ZHWUR1ZD2FLA03759.