IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>LEV ASLAN DERMEN,<br>　a/k/a Levon Termendzhyan,<br><br>　　　　　　　　Defendant. | **SUPPLEMENTAL ORDER ON MOTION TO COMPEL DISCOVERY REGARDING MODIFICATION OF PRETRIAL DETENTION CONDITIONS**<br><br>Case No. 2:18-cr-00365-JNP-BCW<br><br>District Judge Jill N. Parrish |

Defendant has filed a supplemental memorandum supporting his motion to compel discovery of documents and communications relating to his pre-trial security classification and restrictions imposed on his telephone privileges. For the reasons below, the motion to compel is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

## I.　　BACKGROUND

On August 12, 2019, Defendant moved to compel discovery of documents and communications relating to the conditions of his pre-trial confinement. Docket No. 476. Defendant also requested that the court modify those conditions to allow Defendant to call his out-of-state counsel more frequently. The court granted the request to allow additional telephone time and partially granted the Defendant's motion to compel discovery. Docket No. 486. The court made available to Defendant an *ex parte* filing by the Government relating to the conditions of Defendant's pre-trial confinement and invited Defendant to file a supplemental memorandum if there were additional materials Defendant believed the Government was obligated to produce.

Defendant subsequently filed a supplemental memorandum, Docket No. 488, alleging that "unconstitutional restrictions" have been placed on Defendant that affect "his ability to meet with his counsel prior to trial." *Id*. Defendant also identified five categories of material that he was seeking: (1) Discovery related to allegations that Defendant had used other inmates' PIN numbers to make telephone calls; (2) Discovery related to any hearings on the changes in Defendant's pre-trial confinement; (3) Discovery related to jail policies regarding inmates making unauthorized calls; (4) Discovery related to previous jail responses when other inmates have made unauthorized calls; and (5) Discovery related to allegations of witness tampering. The Government opposes disclosing any of the requested material. In Defendant's Reply to the Government's Response to the Motion to Compel, Defendant also identifies an additional category of material that he believes should be disclosed: all discovery generated by the United States Marshals Office regarding Defendant's pretrial detention, including the record of communications between the Marshals Office and the court. Docket No. 522.

## II.  DISCUSSION

The court will first address Defendant's claims related to the constitutionality of his pre-trial detention restrictions, and will then address his requests for discovery.

### A. Constitutionality of Restrictions

The Supreme Court has held that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  However, "[n]ot every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense." *Id*. at 537.  For example, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." *Id*. at 539.  "Absent a showing of

an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Id*. at 538 (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S., at 168-169). "Conversely, if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id*. at 539. Restrictions imposed in the interests of witness safety qualify as a non-punitive governmental purpose. *See e.g. Jones v. Horne*, 634 F.3d 588, 598 (D.C. Cir. 2011).

Defendant has maintained that the restrictions placed upon him are unconstitutional, alleging they violate his due process rights under the Fifth Amendment. Specifically, Defendant alleges that imposing restrictions on his telephone calls and changing his security classification without conducting an evidentiary hearing violated his due process rights.

The court has previously noted that the restrictions on Defendant's access to telephone privileges were based on the professional judgement and recommendations of the United States Marshals Service. *See* Docket No. 486. These recommendations were motivated by the government's legitimate interest in protecting the safety of witnesses, and therefore do not constitute "punishment" as defined by the Supreme Court in *Bell*. Any changes in Defendant's security classification to effectuate the restrictions on Defendant's telephonic privileges did not involve this court, and there has been no evidence to suggest that these measures were taken punitively.

Defendant also raises constitutional arguments under the Sixth Amendment related to his access to counsel. As this court previously has noted, at no point was Defendant's in-person

access to counsel limited by any of the restrictions put in place by the United States Marshals Service. And the restrictions on telephonic access to Defendant's counsel have been lifted pursuant to this court's prior order. Docket No. 486. Thus, the court finds no violation of Defendant's Fifth or Sixth Amendment rights.

### B. Discovery Requests

As part of his supplemental filing, Defendant requests disclosure of six categories of material. The court will consider each of these categories to determine whether Defendant is entitled to their discovery.

*1. Allegations of Defendant Using Other Inmates' PIN Numbers*

Defendant argues that he is entitled to any material related to allegations regarding his use of other inmates' PIN numbers, including "communications between the government – the prosecution team and its agents – and the U.S. Marshal." Docket No. 488 at 4. The Government responds that Defendant "is not entitled to 'discovery' related to his conditions of pre-trial confinement," and that he is only "entitled to discovery related to his criminal charges under Rule 16, *Brady*, and *Giglio*, which he has received." Docket No. 517.

The Government correctly notes that Defendant has not advanced any legal theory pursuant to which the court can compel entities of the Executive Branch to hand over communications unrelated to the charges that Defendant is currently facing. The Government has already provided Defendant with information regarding its initial decision to approach the court regarding Defendant's phone privileges. *See* Docket No. 517. And this court has already disclosed the *ex parte* filing made by the Government on July 30, 2019 in relation to that issue. The court partially grants Defendant's motion to compel and will disclose the second and only other *ex parte* filing made by the Government with respect to the conditions of Defendant's pre-

trial confinement, a July 2, 2019 filing relating to a co-defendant's attempts to pass a note to Defendant. But the court will not compel the prosecution team to produce any communications it may have had with the United States Marshals Service. As has been previously noted, this court fully expects the Government to adhere to its *Brady/Giglio* obligations, and expects that the Government will produce to the defense any material subject to those obligations. If the requested information does not fall within these categories, Defendant is not entitled to it.

2. *Hearings Relating to Changes in Defendant's Confinement*

Defendant has also requested materials related to any due process hearing conducted relating to restrictions placed on Defendant. Because no such hearing was held, there is no material responsive to this request. As the court has previously noted, the restrictions placed on Defendant do not constitute "punishment" and therefore did not require a hearing.

3. *Jail Policies Regarding Inmates Making Unauthorized Calls*

Defendant has requested materials regarding the jail's policies regarding inmates making unauthorized calls. Defendant articulates no legal rationale why he would be entitled to such discovery. As the Government notes, this information does not relate to the charges at issue in Defendant's forthcoming trial. The court denies this request.

4. *Jail's Previous Responses When Inmates Have Made Unauthorized Calls*

Defendant also requests materials related to the jail's previous response when inmates have made unauthorized calls. Again, Defendant provides no legal basis why he would be entitled to such information. The court denies this request.

5. *Allegations of Witness Tampering*

Defendant requests documents relating to allegations that Defendant was attempting to tamper with witnesses, including threats allegedly made by Defendant's brother against various

witnesses and all "requests or inquiry made by the government to other law enforcement agencies" regarding these allegations. Docket No. 488. The Government has represented that Ara Kharayan, one of the subjects of the alleged threats by the Defendant's brother, will no longer be testifying in this case, Docket No. 517, and argues that Defendant has not offered any rationale as to why information regarding possible threats made by Defendant's brother against a witness who is not being called by the Government would fall within the Government's *Brady/Giglio* obligations.

The court agrees with the Government. However, if the Government receives any information that could possibly constitute exculpatory evidence as to Defendant, or that could be the basis for impeachment, this court reminds the Government of its obligation to produce it pursuant to *Brady/Giglio*.

> *6. All Materials Generated by the United States Marshals Service regarding Defendant's Detention, Including Communications with the Court*

In Defendant's Reply to the Government's Response to the Motion to Compel, Defendant also requests all materials related to Defendant's detention, "including record of communications between the United States Marshal's [*sic*] office and this Court regarding Mr. Dermen's pretrial detention, use of inmate PIN codes, visits from Mr. Kingston's wives, and witness security issues allegedly warranting enhanced security conditions with respect to his detention." Docket No. 522.

The court is under no obligation to disclose its communications with the United States Marshals Service. The court is entitled to confer confidentially with the Marshals Service regarding issues such as transportation of detainees and matters relating to courtroom security and witness safety. Discovery of such communications could severely compromise the ability of the Marshals Service to investigate and effectively respond to threatened security breaches and

would hamper its ability to ensure the safety of witnesses, detainees, and court personnel. It would further impose an undue burden upon the United States Marshals Service by diverting its time and attention from its primary mission. Because Defendant has not provided any legal authority requiring disclosure of these materials, the Defendant is not entitled to their production.

### III.  ORDER

The court **GRANTS IN PART** and **DENIES IN PART** Defendant's supplemental motion to compel discovery of documents and communications relating to the conditions of his pre-trial confinement. The court grants the motion for discovery of the Government's *ex parte* filing relating to a previous co-defendant's attempts to pass a note to Defendant. The remainder of Defendant's motion is denied.

Signed August 30, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge