MARC A. AGNIFILO (NY 2476182)
**BRAFMAN & ASSOCIATES, P.C.**
256 Fifth Avenue, 2nd Floor
New York, NY 10001
Telephone: (212) 750-7800
Facsimile: (212) 750-3906
Email: marc@braflaw.com

WALTER F. BUGDEN, JR.
**BUGDEN LAW, L.L.C.**
Email: wally@wbugslaw.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH / CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     vs.<br><br>JACOB ORTELL KINGSTON,<br><br>            Defendant. | **DEFENDANT JACOB O. KINGSTON'S OPPOSITION TO MOTION FOR VICTIM RIGHTS**<br><br>Case No.  2:18-cr-00365-JNP<br><br>District Judge Jill N. Parrish |

Defendant Jacob Kingston, through his undersigned counsel, submits this short opposition to a motion filed yesterday by OPGR Commodities LLC ("OPGR") and HK Petroleum ("HK") to be declared crime victims under the Crime Victims' Rights Act ("CVRA"), pursuant to Title 18, United States Code, Section 3771(e )(2)(A), such that these parties will be (i) permitted to speak at sentencing, (ii) entitled to consult with the Government and (iii) entitled to full restitution prior to the U.S. receiving restitution. (ECF 1415.)

Mr. Kingston opposes this application for several reasons. <u>First</u>, OPGR and HK are simply not victims of any of the charged offenses. <u>Second</u>, the thorough and detailed final presentence report does not make any mention of either of these entities nor discuss any possibility that either of them shall get any restitution. <u>Third</u>, the instant motion is not timely and should not be considered as a matter of fairness to the parties.

1. **OPGR and HK Are Not Victims**

The Second Superseding Indictment to which Mr. Kingston pleaded guilty and on which Dermen proceeded to trial contains no count in which either of these entities are named or referred to, directly or indirectly, as a victim in any manner. Moreover, in the many weeks of detailed testimony and in the many exhibits admitted into evidence, there is no mention of OPGR or HK being victims of any crime. Indeed, in their motion, OPGR and HK identify no count nor any trial evidence in which they are victims of a charged offense. Instead, they allege that at the same time that the Kingstons were committing tax offenses against the IRS, the Kingstons were also engaged in other actions amounting to a breach of contract and/or fraud on OPGR and HK. That the Kingstons conducted business with other companies at the same time that they filed false tax documents to defraud the IRS does not transform each of these other businesses into crime victims for purposes of the CVRA. Simply put, OPGR and HK are not victims of the Kingstons' tax offenses or of other charges in the Indictment.

Given the fact that their motion refers to conduct from 2012 and 2013, it is apparent that OPGR and HK are time-barred from raising a civil claim, if indeed a civil claim would even be remotely appropriate. As a result, they seek to parachute into this criminal case ten years later, and two days before the first sentence, in an unprincipled, last-ditch attempt to get from this Court something that no civil court will give them: money to which they are not entitled. Indeed,

they even claim that they are entitled to restitution prior to the IRS, which of course is explicitly named in the Indictment and about which there were weeks of trial evidence.

    2.    **The Final Presentence Report Does Not Mention OGPR or HK**

As with every case, the sentencing process is designed to bring to the Court's and counsel's attention all potential issues relative to sentencing, including parties that are victims and restitution that they may be owed. In this case, U.S. Probation Officer Manross has assembled an exhaustive approximately 90-page Presentence Report ("PSR"). Between paragraphs 342 and 345, Officer Manross addressed the issue of restitution, which OPGR and HK now seek. (PSR, ¶¶ 342-345.) However, Officer Manross made it clear that the full amount of restitution of $511,842,773 is due entirely to the IRS. There was no mention in this section or indeed anywhere in the PSR of OPGR or HK being crime victims or being entitled to restitution.

It is worth mentioning that Officer Manross assembled the PSR for well over a year. Also, it is apparent to all, including OPGR and HK, that this case has been headed for sentencing since Dermen's conviction in March 2020, over three years ago. If OPGR and HK wanted to actually participate in this sentencing process, they would have been permitted to do so, and their desire to be a considered a crime victim could have been vetted by the Government, the Probation Department and the Court in the normal course. But, they apparently did not want this because such vetting would have revealed the falsehood in their claims of being actual victims of the charged offenses.

In sum, we ask the Court to credit the PSR and its contents and to not expand the case at this late stage to include victims aside from the IRS.

### 3. OPGR and HK Representatives Should Not Speak at Sentencing

OPGR and HK argue that they should be deemed crime victims so they can, among other things, speak at sentencing. These entities should not appear for the first time two days before the first sentencing in this case and be permitted to address the Court as to the appropriate sentence for any of the defendants. As an initial matter, all counsel had a hard deadline for sentencing submissions of Monday, April 3, 2023, at 10AM Mountain Time. Defense counsel did not receive the motion on behalf of OPGR and HK until after all sentencing submissions had been filed. Also, as set forth above, any party wanting to participate in this sentencing process had over three full years to do so, even if it had a right to address the Court, which these unrelated parties do not.

### 4. Conclusion

For these three reasons, OPGR and HK are simply not victims of any of the charged crimes and they should not address the Court – either in writing or in any other manner – in connection with this sentencing hearing. Finally, while the Government decides whom it wants to share its money with, we note that unless these entities are crime victims, there is no basis under the law for them to participate in the Government's restitution.

DATED this 4th day of April, 2023.

Respectfully submitted,

**Brafman & Associates, P.C.**

By:     /s/
        Marc A. Agnifilo, Esq., *Of Counsel*
        Jacob Kaplan, Esq.

**Bugden Law, LLC**

By:     /s/
        Walter F. Bugden, Jr., Esq.

**Certificate of Service**

I certify that on the 4th day of April 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system, which will send notice of electronic filing to counsel of record in this case.

<em>/s/ Marc A. Agnifilo</em><br>
MARC A. AGNIFILO