IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB KINGSTON, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS IN PART PETITION OF NWR<br><br><br>Case No. 2:18-cr-00365-JNP<br><br>District Judge Jill N. Parrish |
| GRIGOR TERMENDJIAN; GILBERT ISLAND PROPERTY, LLC; DESERT PROPERTIES HOLDING, LLC; STELLAR COURT, LLC; CENTURY ENERGY, INC.; NEW WASHSAKIE RANCH; LATTER DAY CHURCH OF CHRIST; M.S.C., INC.; N.P.M.C., INC.; RUTH DAVIS; NAURA GUSTAFSON; NICHOLE PETERSON; HEATHER LARSEN; KENT JOHNSON; JOLENE ANDREWS; JEREMY O. ANDREWS; AMANDA PENROSE; ABM, INC.; BANK OF UTAH; US TANK AND RAIL; SECURITY INVESTMENT CORPORATION; AMERICAN CHEMICAL, LLC; ALLIANCE INVESTMENTS, LLC; SAFECO INVESTMENTS, INC.; ROCKY MOUNTAIN EYE CENTER; FIDELITY FUNDING COMPANY; ZUBAIR KAZI; and LIFETREE TRADING, OTE., LTD.<br><br>    Third-Party Petitioners. | |

Before the court is the government's motion to dismiss in part New Washakie Ranch Limited Partnership's (NWR's) petition asserting an interest in property that the government seeks to forfeit. ECF No. 1572. The court GRANTS the motion to dismiss.

## BACKGROUND

The government charged defendants Jacob Kingston, Isaiah Kingston, Rachel Kingston, Sally Kingston, and Lev Dermen (collectively, the defendants) with various offenses arising from a conspiracy to defraud the United States of renewable tax credits and launder the proceeds of the fraud. The Kingston defendants pled guilty to many of the counts against them. Dermen was convicted of ten counts against him after a jury trial. After taking evidence during a forfeiture hearing, the court found that a number of specific properties were derived from the proceeds of the defendants' fraud and that the government was entitled to forfeiture of the properties under 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1). One of the categories of specific properties included in the preliminary order of forfeiture consisted of structures and equipment at the Washakie plant that were purchased and constructed with fraud proceeds (hereinafter, the Washakie Plant Equipment). More specifically, the court found that the government had traced the following properties to fraudulently obtained funds:

 (1) The biodiesel production plant and all equipment contained or affixed therein;

 (2) The crush plant, the warehouse, and all equipment contained or affixed therein;

 (3) The liquid storage tank farm; and

 (4) The rail line; and

 (5) all profits derived from lease payments paid or owed for, and that are attributable to, the use of the (i) biodiesel production plant and all equipment contained or affixed therein; (ii) the crush plant, the warehouse, and all equipment contained or affixed therein; (iii) the liquid storage tank farm; and (iv) the rail line.

2

ECF No. 1397-1.

NWR owns the land where the Washakie Plant Equipment is located. The court did not find that the land was subject to forfeiture. Jacob and Isaiah Kingston and their company, Washakie Renewable Energy (WRE), leased the land from NWR and constructed the properties on the land with fraud proceeds between 2011 and 2015. WRE entered into three lease agreements with NWR, the 2006 Lease, the 2011 Lease, and the 2014 Lease. The 2011 Lease and the 2014 Lease contained a clause explicitly stating that any buildings or structures constructed on the land would immediately become part of the reality and belong to NWR. In 2016, WRE breached its lease. NWR sued WRE, and, in 2017, the parties agreed that the court should enter a stipulated money judgment against WRE in the amount of $1,185,428.47.

NWR filed a petition with this court, asserting an interest in the Washakie Plant Equipment. NWR argues that under the operation of Utah common law and the 2011 and 2014 Leases, it owned the equipment as soon as it was attached to its land. NWR argues that its interest in the Washakie Plant Equipment is superior to the government's forfeiture interest in the equipment under 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1).

## LEGAL STANDARD

Once a court enters a preliminary order of forfeiture for specific property, a third party may file a petition with the court asserting a statutory claim to a superior interest in the property. FED. R. CRIM. P. 32.2(c)(1). The statute that permits third parties to assert a claim to the property is 21 U.S.C. § 853(n)(6), which requires the court to deny forfeiture of specific property if the petitioner can establish by a preponderance of the evidence one of two things: (1) that "the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of

forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant *at the time of the commission of the acts which gave rise to the forfeiture of the property*" or (2) that "the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." (Emphasis added).

The government moves to dismiss in part NWR's petition, arguing that the first potential path to avoid forfeiture of specific property fails as a matter of law. Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure authorizes the court to dismiss a petition "for failure to state a claim." "For purposes of the motion [to dismiss], the facts set forth in the petition are assumed to be true." FED. R. CRIM. P. 32.2(c)(1)(A). "Such a motion is treated like a motion under Federal Rule of Civil Procedure 12(b): all allegations in the petition are assumed to be true, and the petition may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the petitioner's allegations." *United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1088 (D. Utah 2013).

## ANALYSIS

A third-party petitioner must prove two things to prevail under 21 U.S.C. § 853(n)(6)(A). First, it must prove that it has a legal right to the property. Second, the petitioner must prove that this legal right was vested in it rather than the criminal defendant or was superior to any rights held by the defendant "at the time of the commission of the acts which gave rise to the forfeiture of the property." Accepting the assertions of NWR's petition as true, it has satisfied the first requirement by showing that it acquired a legal right to the Washakie Plant Equipment. Under the terms of the 2011 and 2014 Leases, title to structures that WRE erected on the land passed to NWR immediately

4

upon completion. But the facts asserted in NWR's petition, along with the facts established in the court's preliminary order of forfeiture, establish that WRE did not have title to the Washakie Plant Equipment at the time that the defendants committed the fraudulent acts that gave rise to the forfeiture of the property.

The plea agreements of the Kingston defendants and Dermen's criminal conviction establish that the defendants defrauded the United States by submitting fraudulent requests for biofuel tax credits. During the preliminary order of forfeiture phase of these forfeiture proceedings, the government proved through financial records that the proceeds of this fraudulent scheme were used to pay for the Washakie Plant Equipment, which was then affixed to NWR's land. Because "a third party has no right to challenge the preliminary order's finding of forfeitability," these findings are binding on third-party petitioners. *See United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008). Thus, the government has established that the defendants stole money from the United States and used the money to purchase and install the Washakie Plant Equipment.

NWR asserts in the petition that it acquired title to the Washakie Plant Equipment upon construction. But, by definition, NWR's acquisition of an ownership interest in the property came after the fraudulent acts that gave rise to the forfeiture. Accordingly, NWR cannot possibly prove that it obtained a property interest in the equipment before the criminal fraud that generated the money to purchase the equipment. *See United States v. Catala*, 870 F.3d 6, 10 (1st Cir. 2017) ("Since proceeds from a crime 'do not precede [the commission of] the crime,' the government's interest in proceeds forfeited pursuant to section 853(a)(1) will almost always pre-date that of a third party who is a general creditor." (alteration in original) (citation omitted)); *United States v. Watts*, 786 F.3d 152, 166–67 (2d Cir. 2015) "[C]ourts have recognized that a petitioner is unlikely ever to prevail at an ancillary hearing under § 853(n)(6)(A) where the forfeited property consists

5

of 'proceeds' derived from or traceable to a criminal offense. Because, by definition, the 'proceeds of an offense do not exist before the offense is committed,' and because 'the government's interest under the relation-back doctrine immediately vests' upon the commission of that offense, any proceeds that ensue from the criminal act belong to the government from the moment that they come into existence." (citation omitted)). This result is consistent with § 853(c), which provides that title to the proceeds of a crime "vests in the United States upon the commission of the act giving rise to forfeiture." *See Catala*, 870 F.3d at 10 ("[Section 853(n)(6)(A)] cannot be read in a vacuum but, rather, must be read in tandem with section 853(c)."); *Watts*, 786 F.3d at 166 ("Subsection 853(n)(6)(A) works hand in hand with the 'relation-back' doctrine embodied in § 853(c) . . . .").

NWR attempts to reframe the issue before the court by arguing that its "claim derives from the petitioner's original fee title ownership of the real property that pre-dates the claimed criminal proceeds." But the Washakie Plant Equipment did not spring forth from the land. As the court found in its preliminary forfeiture order, the equipment was paid for with, and derived from, the fraud proceeds. Accordingly, the relevant question is when NWR acquired title to the equipment that the government seeks to forfeit rather than when NWR acquired the land, which is not subject to forfeiture.

NWR also argues that it has a constitutional due process right to discovery before the court rules on a motion to dismiss. But it cites no caselaw to support this proposition. Moreover, NWR fails to explain why it has a constitutional right to discovery prior to resolution of a motion to dismiss, which is based on the allegations of the petition rather than evidence. Accordingly, NWR has failed to show that it has a due process right to discovery at this stage of the proceedings. NWR

will have an opportunity to conduct discovery prior to the evidentiary hearing on its remaining § 853(n)(6)(B) claim.

At oral argument, NWR argued for the first time that the court should not grant the motion to dismiss because the transfer of Washakie Plant Equipment from WRE to NWR was not a fraudulent transaction. In support of this argument, NWR quoted a Fourth Circuit opinion, which states: "Congress's primary concern in adopting the relation-back provision [§ 853(c)] was to make it possible for courts to void sham or fraudulent transfers that were aimed at avoiding the consequences of forfeiture. Congress did not intend to permit courts to void 'arms'-length' transactions." *United States v. Reckmeyer*, 836 F.2d 200, 208 (4th Cir. 1987); *see also* 2 DAVID B. SMITH, PROSECUTION AND DEFENSE OF FORFEITURE CASES ¶ 14.08[3][c] (2023) ("Criminal forfeiture is an *in personam* proceeding. Thus, an order of forfeiture may reach only property of the defendant, save in those instances where a transfer to a third party is voidable."). But this language from *Reckmeyer* relates to a bona fide purchaser for value claim under § 853(n)(6)(B), which was the only issue before that court. Indeed, the sentence after the language quoted by NWR states: "Section 853(n)(6)(B) reflects Congress's attempt to define 'arms'-length' transactions." *Reckmeyer*, 836 F.2d at 208. Because the government did not move to dismiss NWR's bona fide purchaser claim, the question of whether the transfer of the equipment to NWR is voidable under § 853(n)(6)(B) is not at issue at this stage of the proceedings.

Finally, NWR argued that the court should not dismiss its § 853(n)(6)(A) claim because factual disputes remain regarding the source of lease payments and as to precisely which structures and equipment are subject to forfeiture under the court's preliminary order of forfeiture. The court disagrees. The preliminary order forfeited the lease payments only to the extent that they were "attributable to" the equipment described in the order. Moreover, the preliminary order only

forfeited specific categories of equipment that were traceable to the fraud proceeds. The court acknowledges that there may be disputes regarding what portion of the lease payments is attributable to the forfeited equipment and as to what specific equipment falls within the scope of the preliminary order of forfeiture. Dismissal of the § 853(n)(6)(A) claim will not prevent the parties from litigating these issues in future stages of these proceedings.

## CONCLUSION

The court grants the government's motion to dismiss the portion of NWR's petition in which it seeks to assert a claim to the Washakie Plant Equipment under § 853(n)(6)(A). The court directs these parties to meet and confer and to propose a schedule for discovery and further proceedings to resolve NWR's petition.

DATED October 20, 2023.

BY THE COURT

Jill N. Parrish
United States District Court Judge

8