CARL E. KINGSTON (#1826)
Attorney for ABM, Inc.
3212 South State Street
Salt Lake City, Utah 84115
Phone: (801) 486-1458
Email: cek@ceklawoffice.com

KATHERINE R. YOUNG (#16204)
Attorney for ABM, Inc.
3212 South State Street
Salt Lake City, Utah 84115
Phone: (801) 746-2477
e-mail: katherine.young@kyounglaw.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JACOB ORTELL KINGSTON, et al.,<br><br>                Defendants. | Case No. 2:18CR00365-JNP<br><br>AMENDED PETITION ASSERTING 3RD PARTY INTEREST BY ABM, INC.<br><br>Judge Jill N. Parrish |

ABM, Inc. ("ABM"), through its counsel, asserts its interests in the forfeited property (specifically identified below) in the above-captioned case and petitions this court for an ancillary proceeding, pursuant to Title 21, United States Code, Section 853(n). 1. All exhibits referenced below refer to the attached exhibits to the PETITION ASSERTING 3RD PARTY INTEREST BY ABM, INC.

**INTRODUCTION**

1. On March 24, 2023, this Court issued a Preliminary Order of Forfeiture (ECF No. 1397), which included the following properties on the attached Exhibit 1 (the property number listed below coincides to the property number listed on ECF No. 1397 Exhibit 1):

    a. Property 31: Deep Creek Ranch, Ibapah, UT 84034. More legally described as:

> PARCEL 1: The Southwest Quarter of Section 22, Township 10 South, Range 19 West, Salt Lake Base and Meridian.
> PARCEL 2: Beginning at the northeast corner of the northwest quarter of Section 27, Township 10 South, Range 19 West, Salt Lake Base and Meridian, thence south 990 feet; then west 660 feet; thence south 1650 feet more or less to the quarter section line; thence west 1980 feet more or less to the west section line of said section; thence north 2640 feet more or less to the northwest corner of said section; thence east 2640 feet more or less to the point of beginning, together with the right to all the water from Rock Creek and water from Pass Creek as evidenced by water user claim no. WR-17-201, WR-17-187, WR-17-66, WR-17-82 and WR-17-183. Tax ID: 07-097-0-0003 & 07-097-0-0004

("Property 31")

2. ABM has legal right, title, or interest in Property 31 and such right, title, or interest renders the order of forfeiture invalid in whole or in part because ABM is a bona fide purchaser for value of the right, title, or interest in Property 31 and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

3. Petitioner is entitled to recovery of costs, expenses and attorney's fees consistent with 28 U.S.C. § 2412, 28 U.S.C.S. § 2465(b), and 42 U.S.C. § 2000bb et seq.

## FACTUAL BACKGROUND

4. ABM is a Nevada Corporation registered in the State of Utah. ABM is a private lender and has been in business since 1993.

5. ABM never provided any loans to WRE and never received any payments from WRE. ABM did not become aware of any of Defendants crimes until Defendants were arrested in August 2018.

### Property 31: Deep Creek Ranch, Ibapah, UT 84034

6. In July 2018, M.S.C., Inc. ("MSC") obtained a construction loan from ABM in the amount of $378,750 for its property located at Deep Creek Ranch, Ibapah, UT 84034 ("Property

31"). The construction loan was used to build a home for MSC's tenant on Property 31, consistent with a lease agreement between MSC and tenant. See Loan Document at Exhibit A.

7. On July 12, 2018, ABM filed a trust deed with Tooele County to record its mortgage on Property 31. See Trust Deed at Exhibit B.

8. In July 2019, the United States filed a lis pendens for this case on Property 31.

9. In November 2019, MSC and ABM agreed to extend the payoff period for the loan and to lower the interest rate. See Loan Document at Exhibit C. The tenant on the property has made payments on the loan and the outstanding balance as of March 31, 2023 was $347,999.19.

10. ABM asserts its interest in Property 31 through its mortgage. The mortgage and trust deed proves ABM is an owner of Property 31, under 18 USCS § 983(6)(a), with standing to intervene in this forfeiture. ABM was reasonably without cause to believe that Property 31 was subject to forfeiture, at the time it gave MSC a construction loan on the property.

## PRAYER FOR RELIEF

The petitioner seeks relief from this court's preliminary order of forfeiture and hereby requests that this Honorable Court hold a hearing ancillary to the criminal conviction of the above-named defendants at which ABM may testify and present evidence and witnesses on its own behalf pursuant to 21 U.S.C. §853(n)(5) and further that this court amend its preliminary order of forfeiture dated on March 24, 2023 to recognize fully the interests of ABM as they are set forth herein.

## AFFIRMATIVE DEFENSES

A. <u>Violation of Equal Protection</u>:

1. Treatment or making a distinction towards a person based on the group, class, or category to which the person is perceived to belong, is unlawful discrimination. Discrimination by

treatment of an individual or group based on their actual or perceived membership in a certain group or social category; restricting members of one group from opportunities or privileges available to other groups; and exclusion of the individual or entities based on illogical decision making are all unlawful.

2. Evidence shows that the Government seeks forfeiture of the Property because of the owner's actual or perceived membership to a certain group or social category, aka "the Order." This is illegal discrimination, which violates the due process clause of the 5th and 14th Amendment to the U. S. Constitution and also violates the equal protection clause of the 14th Amendment to the U. S. Constitution.

B. Violation of Due Process:

1. Forfeiting third parties' property before any determination of wrongdoing by the property owner is a violation of the due process clause of the 5th and 14th Amendment to the U. S. Constitution. Criminal forfeiture raises several due process concerns for third party claimants. *See United States v. Emor*, 415 U.S. App. D.C. 73, 73, 785 F.3d 671, 672 (2015). ABM has not been charged with any wrongdoing supporting the forfeiture of the Property. It was not allowed to participate in the previous proceedings or make challenges to the forfeitability of the property, including statute of limitations or nexus.

DATED: October 27, 2023

                              Respectfully submitted,

                              /s/ Katherine R. Young
                              Katherine R. Young
                              Attorney for Petitioner ABM, Inc.

                              /s/ Carl E. Kingston (w/ permission)
                              Carl E. Kingston
                              Attorney for Petitioner ABM, Inc.

## AFFIDAVIT OF VERL JOHNSON

STATE OF UTAH )
                          : ss.
COUNTY OF SALT LAKE )

I, VERL JOHNSON, being first duly sworn, depose and state as follows:

1. I am over the age of eighteen years old.
2. I am the President of ABM, Inc.
3. I swear under penalty of perjury, the facts stated in the foregoing PETITION ASSERTING 3RD PARTY INTEREST are true and accurate to the best of my knowledge and belief.

_____
VERL JOHNSON
Affiant

On the 27 day of October 2023, VERL JOHNSON personally appeared before me who, being first duly sworn upon oath, stated he had read the foregoing Affidavit and that the statements contained therein were true and correct to the best of his knowledge and belief.

_____
NOTARY PUBLIC:
Residing in Salt Lake County,
State of Utah

My Commission Expires: 7/27/26

MALLORY ANN KINGSTON
Notary Public State of Utah
My Commission Expires on:
July 27, 2026
Comm. Number: 725941

5

## CERTIFICATE OF SERVICE

I hereby certify that on this \_27\_ day of October, 2023, I electronically filed the foregoing Petition Asserting 3rd Party Interest with the Clerk of Court using the CM/ECF system which sent notification of such filing to all parties and co-defendants.

/s/ *Gayle McKenzie*