MELISSA HOLYOAK, First Assistant United States Attorney (9832)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH 0062368)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, #1800 | Salt Lake City, Utah 84111
(801) 524-5682
richard.m.rolwing@usdoj.gov
travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JACOB ORTELL KINGSTON, et al.,<br>Defendants.<br><br>ZUBAIR KAZI,<br>Third-Party Petitioner. | REPLY TO MOTION TO SHOW CAUSE<br>Case No. 2:18-cr-00365-JNP<br>Judge Jill N. Parrish |

Petitioner Zubair Kazi ("Kazi") presents no valid reason why he should not be held in contempt for his direct and continuing violation of this Court's 2018 Restraining Order, even as he continues to file pleadings in this case, misstate facts and mislead this Court.

First, it is clear that Kazi is capable of following instructions. He admits that he complied with the government agent's instruction in July 2016 to stop re-paying the interest and principal owed under the Promissory Note to Dermen and SBK Holdings USA, Inc. However, that agent's September 7, 2016 email (which Kazi attaches as Exhibit K, Doc. 1814) also stated that any payments made should be made to the U.S. Government, as it reads: "We have previously

appraised Mr. Kazi of [the stolen nature of the funds] and further instructed him not to send this money to any party other than the U.S. Government." While he stopped paying Dermen and SBK in 2016, he did not follow the agent's instruction to pay the U.S. Government. Then when this Court issued an Order in August 2018 directing him to re-start these same payments, to pay the U.S. Treasury rather than Dermen, he simply did not comply. He provides no valid reason today for not complying. Instead, he provides excuses.

Kazi's first claimed excuse is that the government did not return his counsel's call in 2018 regarding payment instructions. However, a solitary phone call eight years ago provides no legitimate excuse for failing to make payments over the intervening years. An email request could have addressed any sincere desire to obtain this information in order to comply with this Court's Order. Kazi and his counsel have had dozens of interactions (in person and remotely) with the government, both the undersigned and IRS Special Agent Stephen Washburn, between 2018 and today, and this excuse was never raised. And more importantly, the excuse, if true, is simply not an excuse for not complying with this Court's Order, as it could have been easily rectified if raised. In fact, Mr. Kazi's counsel recently requested the payment instructions earlier this year, and they were promptly provided.

Kazi also argues that the Court's language in the Order ordering him to transfer any payments "that would otherwise be paid to SBK Holdings USA, Inc." pursuant to the Promissory Note covered only what he misleadingly calls the $70,000 monthly "periodic payments."[1]

---

[1] Kazi's misleading reference to these payments as "periodic payments" rather than what they were -- $70,000 interest-only payments per the Note – underly his specious argument that he has paid down $3,260,000 against the principal balance of the original $11,226,211.21 loan. However, the Promissory Note is clear that these $70,000 payments were "interest-only payments," and that the principal balance remaining was $12 million after the five

However, the Note clearly obligates Kazi and Kazi Foods, Inc. to pay SBK these $70,000 "interest-only" payments for five years and then to also pay off the $12 million principal debt by December 15, 2019. Therefore, both the interest-only and the principal payments were "payments that would otherwise be paid to SBK Holdings USA, Inc." under the Note. It could not be clearer that this Court's Order directed Kazi to transfer those payments to the Treasury Forfeiture Fund.

Kazi also misleadingly argues that the Preliminary Forfeiture Order (Doc. 1397) does not include the Promissory Note. However, the Government has not only previously shared with Kazi this Court's specific ruling to the contrary in its Memorandum Decision (Doc. 1376), but also in fact quoted this Court's language concerning the same issue in its Motion to Show Cause.

Kazi attempts to argue that the Borrower on the Note is Kazi Foods, Inc. not Petitioner Zubair Kazi. However, Zubair Kazi is the sole owner and President of Kazi Foods, Inc.; he is the individual who was making the $70,000 interest payments; Kazi was also the *personal* beneficiary of the loan payment to GE Capital; Kazi is also the individual who signed the Note on behalf of Kazi Foods, Inc.; he had to re-pay the $12 million principal by December 15, 2019; and more importantly, Kazi is the individual who was directed by this Court to make the payments to the Treasury Forfeiture Fund that were previously owed to SBK Holdings, USA, Inc. under the Note. Entities act through their personnel and it is no surprise here given the

---

years of $70,000 interest-only payments were to be made. Since the principal was not paid in 2019 (nor were nearly two years of the remaining $70,000 interest-only payments), it is the government's position that the debt continued to be owed at 7% interest per annum under the Note from 2016 to present. Kazi also argues that the two $1 million withdrawals by Dermen from their joint account (one before the Note was drafted and signed, and one after the Note) should go to reduce the principal. If both served that purpose, that still leaves $10,000,000 owed in principal (and a lot of interest).

circumstances just described that Mr. Kazi is the subject required to make payments under the restraining order. Whether a modification to the POF is necessary to include Kazi Foods, Inc. or not, which the Government does not believe is necessary, there is no dispute that Zubair Kazi remains in defiance and contempt of this Court's Restraining Order.

Kazi finally argues that, between 2017 and 2020, he was defrauded by who he misleadingly calls "a Government asset," and that this somehow excuses his continued defiance today. First, Santiago Garcia was no Government asset during his fraud scheme of Kazi. During that time he was identified as a potential witness in the Kingston/Dermen criminal case, and he was contemporaneously operating multiple fraud schemes and actively lying to government agents. Second, the scheme that Kazi was paying Garcia to complete on his behalf was hardly on the up and up. Kazi's attempt to blame the government for his losses caused by his involvement in a suspiciously sketchy scheme with a known criminal (who the government later prosecuted in full) is quite frankly offensive. Third, even the texts that Kazi quotes in his Response (Doc 1814) reveal that Garcia, while fraudulently impersonating a federal agent, only told Kazi via text that they were "working on a plan" to "try to help … alleviate your claim of the $11.2 million they claim you owed to them." These texts do not state that the federal agent or any government agency had actually succeeded in any plan relieving Kazi of his debt.

Furthermore, Kazi was ordered by this Court to pay the interest and principal to the United States in late 2018. By late 2019 or early 2020, Kazi knew he had been defrauded by Garcia, knew that any "plan" regarding this separate debt and this Court's Order that anyone was "working on" was simply a part of that fraud scheme, and thus was not to be relied upon. In fact,

in early 2020, he reported the fraud to the Department of Homeland Security. Yet still he did not comply with this Court's Order, and he has not to this day.

Finally, Kazi states that in February of this year he agreed to wire $7.9 million[2], and he complains that the government omitted this key development, and he re-iterates that he still intends to wire this money. The only development worth mentioning to this Court is full compliance with this Court's Order if and when it is made. To date, no payment has been made despite any stated intentions.

In sum, the $10 million or $11 million principal amount plus 7% interest per annum since 2016 which are owed by Kazi/Kazi Foods, Inc. under the Promissory Note were Ordered by this Court to be paid to the Treasury Fund. They were not paid, and are still not paid. Kazi should be held in contempt until such payments are completed.

Respectfully submitted,

MELISSA HOLYOAK
First Assistant United States Attorney

*/s/ Travis K. Elder*
TRAVIS K. ELDER
Assistant U.S. Attorney

*/s/ Richard M. Rolwing*
RICHARD M. ROLWING
Special Assistant U.S. Attorney

[2] Kazi's $7.9 million computation disregards that the Note states the principal debt was $12 million as of February 2015, and it also mischaracterizes the $70,000 interest-only payments as going to reduce principal. While this characterization was formerly a part of negotiations conducted between the parties in attempts to get Kazi to pay and settle this growing debt, those negotiations did not result in an agreement, and no payment was ever made.