MELISSA HOLYOAK, United States Attorney (9832)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH 0062368)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, #1800 | Salt Lake City, Utah 84111
(801) 524-5682
richard.m.rolwing@usdoj.gov
travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB ORTELL KINGSTON, et al.,<br><br>Defendants. | EX PARTE APPLICATION FOR 21 U.S.C. § 853(g) ORDER TO PROTECT AND TAKE CUSTODY OF 2010 BUGATTI VEYRON AND 2015 LAMBORGHINI AVENTADOR<br><br>Case No. 2:18-cr-00365-JNP<br><br>Chief Judge Jill N. Parrish |

Pursuant to 21 U.S.C. § 853(g), the United States respectfully moves the Court *ex parte* for an order preserving, protecting, requiring production of, and taking custody of two vehicles previously ordered forfeited in the Court's Preliminary Order of Forfeiture, (ECF 1397): (1) a 2010 Bugatti Veyron, VIN VF9SC2C23AM795205 (the "Bugatti"); and (2) a 2015 Lamborghini Aventador, VIN ZHWUR1ZD2FLA03759 (the "Lamborghini") (collectively, the "Subject Property").

Because the Subject Property consists of valuable, moveable assets, that can be concealed, transferred, exported, damaged, or materially diminished in value, the United States requests an order requiring Noil LLC, any other person or entity in present possession or control of the Subject Property, and persons acting in concert with them to preserve the Subject Property pending turnover and surrender them to a federal custodian designated by the United States. The

proposed order would preserve the specific Subject Property pending resolution of any third-party interests in the ancillary proceeding and would not adjudicate the validity, extent, or priority of those interests.

## FACTS AND BACKGROUND

This case arises from a large-scale scheme to fraudulently obtain hundreds of millions of dollars in renewable-fuel tax credits from the United States and launder the resulting proceeds. Jacob Kingston admitted in his plea agreement that he and Lev Aslan Dermen ("Dermen"), formerly "Levon Termendzhyan," used proceeds of the fraud scheme to purchase the 2010 Bugatti for Dermen. ECF 439 at 9.

The history of the Subject Property also reflects prior law-enforcement efforts concerning their custody. On November 3, 2017, the Superior Court of California entered an order directing the Los Angeles Police Department to return property previously seized pursuant to a search warrant, including both the Bugatti and the Lamborghini.[1]

Although vehicle records identify Noil LLC as the titled owner of the Bugatti as early as January 2014, a Noil LLC operating agreement is dated April 16, 2018.[2] That agreement

---

[1] The return of the seized property in that search warrant matter was not due to the sufficiency of the criminal allegations related thereto. Instead, the agents obtained and executed the search warrant without notifying the federal prosecutors involved in this case, and at the time of the execution of the search warrant, evidence had been uncovered from the phone of Santiago Garcia that created the appearance that the Kingstons had been paying bribes to law enforcement officers and agents. It was later determined that those intended bribes were paid, but went only into the pocket of Mr. Garcia, who had "catfished" the Kingstons into believing that law enforcement agents were protecting them. But in the interim, the Bugatti and Lamborghini had been returned with all the other seized evidence.

[2] According to records maintained by the Montana Secretary of State, Noil LLC was administratively dissolved on April 15, 2023, for failure to file its annual registration. While the entity currently lacks the capacity to sue or be sued under Montana law, see Bar 11 v. Deschamps, 2011 MT 204, the vehicles remain registered in the name of the defunct entity. The government notes this status for informational purposes regarding record title; the claimant's

identifies George Termendzyan, Dermen's son, as the sole member of Noil LLC and identifies the Bugatti and Lamborghini as the only contributed interests by George Termendzhyan to the company's capital.

In or around the time of the unsealing of the original Indictment in August 2018, the government executed a search warrant at Dermen's then-known residence and attempted to execute a seizure warrant on the Bugatti, which it suspected was being kept there. The Bugatti was not located during the search and is not in the government's custody. Nor has the Bugatti or the Lamborghini been currently registered in California or elsewhere since that time. Because they apparently have not been sold, registered, or maintained, it appears that whoever possesses these cars has been concealing them.

On November 15, 2022, after an evidentiary forfeiture hearing, the Court entered its Memorandum Decision: Findings Re Specific Property Subject to Forfeiture, ECF 1376. The Court found by a preponderance of the evidence that the Subject Property was acquired entirely with fraud proceeds and are connected to the mail-fraud and money-laundering conspiracy convictions in Counts 1 and 2.

For the Bugatti, the Court found that the full $1,820,000 purchase price consisted of fraud proceeds traceable to three United States Treasury checks totaling $33.5 million. ECF 1376 at 24. The Court further concluded that the convictions for the mail-fraud and money-laundering conspiracies charged in Counts 1 and 2 provide a basis for forfeiture of the Bugatti. *Id*.

For the Lamborghini, the Court found that the full $462,000 purchase price consisted of fraud proceeds traceable to two United States Treasury checks totaling $164 million and that the

---

standing to contest forfeiture will be addressed if and when a formal petition is filed pursuant to 21 U.S.C. § 853(n).

funds were moved through international bank accounts as part of the money-laundering conspiracy charged in Count 2. *Id*. at 24-25.

On March 24, 2023, the Court entered its Preliminary Order of Forfeiture, ECF 1397. Exhibit 1 to the Preliminary Order, ECF 1397-1, identifies the Bugatti as Asset M and the Lamborghini as Asset N. The Subject Property has therefore already been adjudged forfeitable, subject to resolution of any third-party interests through the ancillary process.

Through counsel, Noil LLC and related claimants recently advised the United States of some particulars of Noil LLC's ownership claims to the Subject Property, including that it holds title to it, and has exercised dominion and control over it. George Termendzyan also asserts an individual equitable, constructive, or contingent interest in the Subject Property. Those asserted interests remain subject to adjudication under Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853(n).

After entry of the Preliminary Order of Forfeiture, counsel for the Noil-related claimants notified the United States of intended claims to property included in the forfeiture order. The United States extended the petition deadline through Dermen's appellate process and, following its conclusion, has worked with counsel to obtain information and documentation supporting the asserted interests. Based on the recent assertions of counsel for Noil-related claimants, it is believed that George Termendzhyan possesses these vehicles and is concealing them.

## Authority to Protect and Take Custody of Property Ordered Forfeited

The criminal-forfeiture procedures in 21 U.S.C. § 853 apply to the forfeitures at issue here through 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c). Federal Rule of Criminal Procedure 32.2(b)(3) provides that entry of a preliminary order of forfeiture authorizes the Attorney General or a designee to seize the specific property subject to forfeiture.

Section 853(g) provides additional post-forfeiture authority. Upon entry of an order of forfeiture, the Court shall authorize the Attorney General to seize property ordered forfeited upon such terms and conditions as the Court deems proper. Following entry of an order declaring property forfeited, the Court may, on application of the United States, enter appropriate restraining orders or injunctions, require a satisfactory performance bond, appoint a receiver or other fiduciary, or "take any other action to protect the interest of the United States in the property ordered forfeited." 21 U.S.C. § 853(g). Section 853(l) permits the Court to exercise this jurisdiction without regard to the location of the property.

Courts have found preliminary orders of forfeiture sufficient to invoke § 853(g). *See United States v. McCorkle*, No. 6:98-CR-52, 2000 WL 133759, at *26 (M.D. Fla. Jan. 14, 2000); *United States v. Riedl*, 214 F. Supp. 2d 1079, 1080 (D. Haw. 2001).

Here, the Court has already done substantially more than find probable cause. Following an evidentiary hearing, the Curt found by a preponderance of the evidence that the Subject Property was acquired entirely with fraud proceeds, identified the offenses to which the Subject Property is connected, and entered a Preliminary Order of Forfeiture covering the Subject Property. The requested relief therefore does not require a new determination of forfeitability. Its purpose is to preserve and secure specific property already ordered forfeited while third-party interests are adjudicated.

Authorities applying the analogous pretrial-restraint provisions of § 853(e) further demonstrate the breadth of the Court's preservation authority. The Supreme Court has upheld pretrial restraints of directly forfeitable property upon probable cause. *United States v. Monsanto*, 491 U.S. 600, 612-16 (1989); see also *Kaley v. United States*, 571 U.S. 320, 323-24 (2014); *United States v. Park*, 825 F. Supp. 2d 644, 647 (D. Md. 2011). Those cases concerned

procedurally earlier stages, providing additional support for preservation where we have had convictions, pleas, an evidentiary nexus determination, and an entry of a forfeiture order.

Likewise, courts recognize that no pre-restraint hearing is required for a post-indictment restraint under § 853(e). *United States v. Musson*, 802 F.2d 384, 386-87 (10th Cir. 1986); *United States v. Wittig*, No. 03-CR-40142, 2007 WL 1875677, at *6 (D. Kan. June 28, 2007) (unpublished); *United States v. E-Gold, Ltd.*, 521 F.3d 411, 417 (D.C. Cir. 2008), abrogated in part on other grounds by *Kaley v. United States*, 571 U.S. 320 (2014) (no pre-restraint hearing required).

Courts also permit the United States to seek such relief *ex parte*. *See United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 475 (5th Cir. 2007) (en banc); *United States v. Monsanto*, 924 F.2d 1186, 1193 (2d Cir. 1991); *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989). Again, those decisions arise under § 853(e), but their reasoning applies with greater force where the Court has already adjudicated the nexus and ordered the specific property forfeited.

Nor does possession or a claim of ownership by a third party prevent interim preservation of forfeitable property. Courts applying § 853 and analogous forfeiture provisions have permitted restraints reaching property held by third parties when necessary to preserve property for forfeiture. *See United States v. Jenkins*, 974 F.2d 32, 36 (5th Cir. 1992); *United States v. Regan*, 858 F.2d 115, 121-22 (2d Cir. 1988).

Courts in this District likewise have entered preservation orders affecting forfeitable property in the possession or control of third parties. *See United States v. Kingston*, No 2:18-cr-00365-JNP, ECF 7; *United States v. Waldron*, No. 2:18-cr-00031-TC, ECF Nos. 131, 220; *United States v. Baldwin*, 744 Fed.App'x. 537 (10th Cir. 2018) (unpublished). In *United States v.*

*Young*, No. 2:12-cr-005020TC, ECF 556 (D. Utah 2014), this District entered a § 853(g) order authorizing federal custody and management of property after forfeiture.

The proper mechanism for determining whether Noil LLC, George Termendzyan, or another third party ultimately has interest superior to the United States is the ancillary proceeding under § 853(n) and Rule 32.2(c). Preservation of the Subject Property in the meantime does not prejudge those claims; it ensures that the property remains available for whatever disposition follows their adjudication.

**THE SUBJECT PROPERTY REQUIRES PHYSICAL CUSTODY AND INTERIM PRESERVATION**

The Subject Property presents preservation risks materially different from immovable real property. They can be driven away, transported across state lines, concealed, retitled, exported, or physically altered on short notice. Their value may also be diminished through mileage, accidents, mechanical damage, unauthorized modifications, loss of original components or records, inadequate storage, or lapse of insurance.

Those risks are not merely theoretical in the context of this case. The Subject Property has previously been the subject of law-enforcement seizure and return proceedings, and federal agents were unable to locate the Bugatti when attempting to execute a seizure warrant. Physical custody is therefore a more reliable means of ensuring that the specific property ordered forfeited remains available while the ancillary proceeding is resolved.

A restraint prohibiting sale or transfer alone would not fully address those risks. Physical custody will permit a designated federal agency to verify the Subject Property's identities and condition, document mileage and accessories, secure titles and keys, arrange appropriate storage and insurance, and preserve their value. Regardless, the Court has found these properties have a

nexus to the offense and they should be held in the government's custody while this matter is pending.

Because turnover cannot occur instantaneously, the proposed order also imposes reasonable interim safeguards. Until surrender, the person or entity possessing either Subject Property must disclose its location and custodian, maintain secure storage and insurance, refrain from unauthorized use or movement, preserve ownership and maintenance records, and promptly report circumstances affecting the Subject Property's availability or value.

The requested order therefore combines immediate preservation with prompt federal custody. It does not determine ownership, bona-fide-purchaser status, or priority. Those questions remain exclusively for the ancillary proceeding.

## REQUESTED RELIEF

The United States respectfully requests an order that:

1. restrains Noil LLC, George Termendzyan, any present custodian, and persons acting in concert with them from selling, transferring, encumbering, using, moving, concealing, retitling, exporting, altering, or otherwise diminishing either Subject Property pending surrender;
2. requires prompt disclosure of each Subject Property's exact location, custodian, condition, mileage, insurance, title and registration records, keys, and material storage and maintenance information;
3. requires the person or entity in possession or control of the Subject Property to contact the United States, through counsel or a designated federal representative, within certain specified timelines to arrange surrender and to turn over the Subject Property and associated titles, keys, and accessories to the federal custodian designated by the United

States, or within such other period agreed to in writing by the United States or ordered by the Court;

4. authorizes the designated federal custodian, upon receipt, to inspect, photograph, inventory, appraise, transport, securely store, maintain, insure, and otherwise preserve the Subject Property pending further order of the Court; and

5. expressly reserves all third-party ownership, bona-fide-purchaser, and priority issues for the ancillary proceeding.

## CONCLUSION

The Court has already determined after an evidentiary hearing that the entirety of the funds used to acquire the Subject Property constitutes fraud proceeds, has found the requisite nexus between the Subject Property and the offenses of conviction, and has entered an order forfeiting the Subject Property. Section 853(g), Rule 32.2(b)(3), and the authorities discussed above empower the Court to secure and preserve those specific assets while asserted third-party interests are resolved.

For these reasons, the United States respectfully requests that the Court enter the accompanying proposed order and grant such other relief as may be necessary to protect the Subject Property pending completion of the ancillary proceeding.

Respectfully submitted:

MELISSA HOLYOAK
United States Attorney

*/s/ Travis K. Elder*
TRAVIS K. ELDER
Assistant United States Attorney