IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB KINGSTON, ISAIAH KINGSTON, LEV DERMEN, RACHEL KINGSTON, and SALLY KINGSTON,<br><br>Defendants. | POST-FORFEITURE ORDER UNDER 21 U.S.C. § 853(g) TO PROTECT AND TAKE CUSTODY OF 2010 BUGATTI VEYRON AND 2015 LAMBORGHINI AVENTADOR<br><br>Case No. 2:18-cr-00365-JNP<br><br>Chief Judge Jill N. Parrish |

The United States has made an *ex parte* motion pursuant to 21 U.S.C. § 853(g) for an order to preserve, protect, require production of, and take custody of two vehicles previously ordered forfeited. ECF No. 1849. The motion is GRANTED. Upon consideration of the United States' application and given the inclusion of this property in the forfeiture order, there is reasonable cause to enter this Order to protect:

(1) a 2010 Bugatti Veyron, VIN VF9SC2C23AM795205 (the "Bugatti"); and

(2) a 2015 Lamborghini Aventador, VIN ZHWUR1ZD2FLA03759 (the "Lamborghini") (collectively, the "Subject Property"), based upon the following:

A federal grand jury for this district returned a second superseding indictment charging the Defendants with multiple crimes including a conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341. ECF No. 135. The indictment also charged the Defendants with a money laundering conspiracy that included transferring and causing to be transferred "Mail Fraud Scheme proceeds

from Washakie's bank accounts to third parties for the purposes of [. . .] expanding and building out Washakie's facilities in Plymouth, Utah." *Id*. at 31-32.

On November 15, 2022, after an evidentiary forfeiture hearing, the Court found by a preponderance of the evidence that the Bugatti was acquired with $1,820,000 in fraud proceeds, constituting 100% of its purchase price, and is connected to the convictions on Counts 1 and 2. ECF No. 1376 at 24.

The Court also found that the Lamborghini was acquired with $462,000 in fraud proceeds, constituting 100% of its purchase price, and was connected to the convictions on Counts 1 and 2. *Id*. at 24-25.

On March 24, 2023, the Court entered its Preliminary Order of Forfeiture, (ECF No. 1397; ECF No. 1397-1), identifying the Bugatti as Asset M and the Lamborghini as Asset N. Noil LLC claims an interest in the Subject Property and asserts that it holds title and has exercised dominion and control over them. George Termendzyan also asserts an individual equitable, constructive, or contingent interest in the Subject Property. However, any third-party interest may be resolved in the ancillary proceeding under Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853(n).

Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. §§ 853(g) and 853(l) authorize the Court to permit seizure and custody of property ordered forfeited and to enter restraining orders, injunctions, and any other measures necessary to protect the United States' interest in that property.

THEREFORE, IT IS HEREBY ORDERED:

1. Property Covered. This Order applies to the Bugatti and Lamborghini, together with all keys, key fobs, titles, certificates of origin, registration documents, service and maintenance

records, manuals, removable equipment, original accessories, and other items belonging to or customarily maintained with either Subject Property.

2. Persons Bound. This Order binds Noil LLC; George Termendzyan; their officers, members, managers, employees, agents, representatives, nominees, and assigns; any person or entity in present possession or control over the Subject Property; and all other persons or entities who receive actual notice of this Order or act in concert or participation with any of them (collectively, the "Restrained Parties").

3. Immediate Restraint Pending Turnover. Until the Subject Property is surrendered under Paragraph 6 and except as otherwise agreed to in writing by the U.S. Attorney's Office for the District of Utah ("U.S. Attorney"), the Restrained Parties shall not, directly or indirectly, sell, transfer, assign, gift, pledge, lease, rent, consign, hypothecate, encumber, retitle, register in another name or jurisdiction, create or permit any lien or security interest against, drive, display, race, test, loan, transport, ship, export, conceal, alter, customize, disassemble, or otherwise dispose of or materially diminish the condition, availability, ownership record, or value of the Subject Property. Any movement or transport of the Subject Property shall only be undertaken with the approval of the U.S. Attorney. Emergency movement or transport necessary to prevent imminent loss or damage is also permitted, provided the United States is notified as soon as practicable.

4. Interim Storage and Insurance. Until surrender, the Restrained Parties shall keep the Subject Property in secure, enclosed, access-controlled storage and shall take reasonable measures to protect it from weather, fire, theft, vandalism, battery deterioration, tire damage, fluid deterioration, and other reasonably preventable loss. Existing comprehensive insurance shall be maintained without cancellation or material reduction. Nothing in this paragraph authorizes

operation of the Subject Property on public roads except as expressly approved by the United States for surrender or preservation.

5. Initial Disclosures. Within **seven** days after service of this Order, the Restrained Parties shall provide the United States, through counsel, regarding the Subject Property: (a) the exact storage address and the identity and contact information of the current custodian; (b) the current odometer reading; (c) date-stamped photographs reasonably sufficient to document the exterior, interior, VIN plate, odometer, and keys; (d) copies of current title, registration, insurance, storage, and material maintenance records in their possession, custody, or control; and (e) written disclosure of any known lien, security interest, levy, impoundment, ownership demand, or other encumbrance or claim affecting the Subject Property.

6. Arrangement and Turnover. Noil LLC and any person or entity in possession or control of the Subject Property shall, within **seven** days after service of this Order, contact the United States through counsel or the federal representative designated by the United States to arrange surrender. The Subject Property shall be delivered to the federal custodian designated by the United States, at the time and location specified by the United States, within **30** days after entry of this Order, unless the United States agrees in writing to a different date or arrangements or the Court orders otherwise. At surrender, the person or entity having possession or control shall also deliver all original title and registration documents then in its possession or control, all keys and key fobs, and the items described in Paragraph 1 that are reasonably available.

7. Federal Custody and Preservation. Upon receipt, the United States Department of the Treasury, Internal Revenue Service-Criminal Investigation, or other appropriate federal agency designated by the United States, together with its agents, contractors, and designees, is authorized to take and maintain custody of the Subject Property pending further order of the Court. The federal

custodian may inspect, photograph, inventory, appraise, transport, securely store, insure, maintain, and take other reasonable measures necessary to preserve the Subject Property and their value. Custody under this paragraph does not adjudicate ownership or priority.

8. Continuing Notice Until Surrender. Until the Subject Property is surrendered, the Restrained Parties shall notify the United States promptly, and in any event within 24 hours after learning, of any accident, damage, theft, attempted theft, vandalism, fire, water intrusion, insurance cancellation or claim, lien, levy, impoundment, law-enforcement contact, threatened seizure, ownership demand, loss of a key or title document, or other event materially affecting the location, condition, insurance, ownership record, or value of the Subject Property.

9. No Concealment or Interference. No person having actual notice of this Order shall conceal the Subject Property or any material record relating to it; remove, alter, obscure, or replace a VIN or other identifying mark; make a materially false statement concerning the location or custody of a Subject Property; or obstruct, delay, or interfere with disclosure, surrender, inspection, transport, or federal custody authorized by this Order.

10. Service. The United States may serve this Order on Noil LLC, George Termendzyan, counsel for the Joint Claimants, each known custodian or storage facility, and any known insurer, lienholder, or other person or entity whose compliance is reasonably necessary to effectuate this Order. Service may be made by personal delivery, electronic mail to counsel, certified mail, or another method reasonably calculated to provide actual notice.

11. Third-Party Claims Reserved. Nothing in this Order adjudicates the validity, extent, ownership, or priority of Noil LLC's, George Termendzyan's, or any other person's claimed interest in the Subject Property. Those issues remain reserved for the ancillary proceeding under Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853(n).

12. Modification and Deadlines. The United States or any person subject to this Order may seek modification from the Court as necessary to protect a claimed interest or effectuate preservation. The United States may agree in writing to reasonable extensions of compliance deadlines stated in this Order and to arrangements related to the turnover of the Subject Property to the United States, without prejudice to any party's right to seek further relief from the Court.

13. Duration. This Order takes effect upon entry and remains in force until further order of the Court or final disposition of the Subject Property through the ancillary proceeding and forfeiture process.

14. Retained Jurisdiction. The Court retains jurisdiction to interpret, modify, and enforce this Order.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

DATED September 11, 2026.

BY THE COURT

Jill N. Parrish
United States District Court, Chief Judge