MELISSA HOLYOAK, United States Attorney (9832)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH 0062368)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, #1800 | Salt Lake City, Utah 84111
(801) 524-5682
richard.m.rolwing@usdoj.gov
travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB ORTELL KINGSTON, et al.,<br><br>Defendants. | POST-ANCILLARY HEARING MEMORANDUM WITH PROPOSED FINAL ORDER OF FORFEITURE<br><br>Case No. 2:18-cr-00365-JNP<br><br>Chief Judge Jill N. Parrish |

On September 9, 2026, the Court held an ancillary hearing (ECF 1852) to receive evidence related to the third-party petition (ECF 1526) of Zubair Kazi. In his petition, Mr. Kazi challenged the forfeiture of one asset listed in the Preliminary Order of Forfeiture (ECF 1397):

> The "Kazi Loan Receivable" identified as the outstanding amount of principal and interest due on June 21, 2013, loan to Zubair Kazi in the amount of $11,226,211.21.

In its Memorandum Decision: Findings Re Specific Property Subject to Forfeiture, the court specifically found that this asset included the $12 million promissory note:

> The court further finds that that [sic] the $12 million promissory note payable to SBK Holdings USA, Inc., GX- 3-23, is connected to the Defendant's convictions for Counts 1-7, and is subject to forfeiture.

ECF 1376 at 29. This finding is binding on and may not be challenged by Mr. Kazi. *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) ("a third party has no right to challenge the preliminary order's finding of forfeitability; rather, the third party is given an opportunity

during the ancillary proceeding to assert any ownership interest that would require amendment of the order"); *United States v. Kingston*, No. 2:18-CR-00365-JNP, 2023 WL 6963115, *2 (D. Utah Oct. 20, 2023) (unpublished) (discussing why forfeitability findings are binding on third-party petitioners and citing *Andrews*).

During the hearing, the United States presented Exhibit 5 digitally. A copy of that exhibit is enclosed.

Also enclosed is a Third Final Order of Forfeiture, which finalizes the forfeiture of the Kazi Loan Receivable. This order includes typical provisions associated with a final order of forfeiture. Before the Court can enter a final order of forfeiture, under 21 U.S.C. § 853(n)(1) and FED. R. CRIM. P. 32.2(b)(6)(A), the government must publish notice of the forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture. The United States has complied with these requirements.

The government published notice of the preliminary order on an official government internet website for at least 30 consecutive days beginning on May 6, 2023. ECF 1586. The United States also sent direct notice to any person or entity with standing who reasonably appeared to be a potential claimant to the property ordered forfeit in the Preliminary Order of Forfeiture. *Id*. Such persons or entities sent direct notice included: Anthony Bruce, Steve Poludniak, Michael Tedesco,[1] and SBK Holdings USA, Inc. *Id*. at 6-7.

The only potential remaining right of the defendant in the Subject Property is a right to request a stay of the forfeiture under FED. R. CRIM. P. 32.2(d) upon appeal of the judgment or preliminary order of forfeiture. On May 24, 2023, the Court entered its judgment against Jacob Kingston, Isaiah Kingston, Rachel Kingston, and Sally Kingston. ECF 1516, 1514, 1512, and

[1] Bruce, Poludniak, and Tedesco were known by the government to be Mr. Kazi's attorneys.

1510, On May 25, 2023, the Court entered its judgment against the remaining defendant, Mr. Dermen. ECF 1518. The government has not appealed the judgment so under FED. R. APP. P. 4, any defendant had 14 days from the judgment's entry to file a notice of appeal. On June 5, 2023, Dermen filed the only timely notice of appeal of a judgment in this case. However, Dermen's appeal has completed adjudication with his sentence and conviction upheld and certiorari to the Supreme Court denied. ECF 1800 and 1810. Dermen also did not seek a stay of the forfeiture order.

Before the Court can enter a final order of forfeiture it must also find that the defendant or any combination of defendants "had an interest in the property that is forfeitable under the applicable statute." FED. R. CRIM. P. 32.2(c)(2). Dermen had an interest in the $11.2 million loan to Mr. Kazi and the later note and security agreement related to that loan, because he owned the entity that Kazi Foods agreed to pay back in the promissory note. In its Memorandum Decision: Findings Re Specific Property Subject to Forfeiture, the court found:

> $11.2 million of fraud proceeds were used to make a loan to Zubair Kazi, an associate of the Defendant, and that both the Defendant and Kazi signed a promissory note indicating that the loan would be paid back to SBK Holdings USA, Inc., an entity owned by the Defendant, GX 3-1; and GX 3-23 . . . .

ECF 1376 at 12.

In addition to addressing the above-described routine issues, the order also contains proposed findings to support the forfeiture of the promissory note with an outstanding balance of $8,870,000 and security agreement related to the $11.2 million loan, as argued by the government at the hearing. The calculation for the outstanding balance gives Mr. Kazi the benefit of the doubt regarding the two $1 million withdrawals from the joint account set up by him and Mr. Dermen by deducting those amounts from the note's principal even though one of those payments was paid over seven months before the note was even contemplated by Mr. Kazi and

Mr. Dermen. This calculation also, fairly in the government's view, requires him to pay the remaining interest-only payments he agreed to under the promissory note, which he had been paying until he was told to stop paying Mr. Dermen and to pay the government instead. The note and security agreement are included as exhibits with the proposed order.

Respectfully submitted,

MELISSA HOLYOAK
United States Attorney

*/s/ Richard M. Rolwing*
RICHARD M. ROLWING
Special Assistant United States Attorney

*/s/ Travis K. Elder*
TRAVIS K. ELDER
Assistant United States Attorney