MELISSA HOLYOAK, United States Attorney (9832)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH 0062368)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, #1800 | Salt Lake City, Utah 84111
(801) 524-5682 | richard.m.rolwing@usdoj.gov | travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JACOB ORTELL KINGSTON, et al.,<br>Defendants. | MOTION TO AMEND SECOND FINAL ORDER OF FORFEITURE OF CERTAIN PROPERTY<br>Case No. 2:18-cr-00365-JNP<br>Judge Jill N. Parrish |

Pursuant to Fed. R. Crim. P. 36, the United States of America moves the Court to enter an Amended Second Final Order of Forfeiture Regarding Certain Property. The amended order is requested to ensure all third-party interests related to the property ordered forfeit are terminated by the final order of forfeiture.

On May 26, 2026, the court entered its Second Final Order of Forfeiture Regarding Certain Property. ECF 1825. The order includes the following provision:

Except as otherwise provided in this order, any ownership interest in the property listed in Exhibit A of the persons and/or entities below and all other persons and entities, is now extinguished and terminated:

| **Persons and/or Entities** | |
|---|---|
| Alea Marine Ltd. | Pelican Holdings LLC |
| Brendan Morrissey, Esq. | R. Todd Nielsen |
| Jeffrey Hoefflin 401K Profit Sharing Plan | SBK Holdings, AS |
| Joseph O. Kingston | SBK Holdings USA, Inc. (a California entity) |
| Los Angeles County Accessor | Title365.com |
| Nadel & Associates Profit Sharing Plan | Washakie Renewable Energy, LLC |
| Sarkis Sam Papazyan | All tenants of the Margate Property |

The IRS has run into a problem related to the language of the current order while preparing to dispose of real property located at 14027 Margate Street, Sherman Oaks, California, one of the properties forfeited by the forfeiture order.

As indicated in its original motion, the United States sent direct notice to various parties related to the Margate Property who the United States believed may have an interest in it including SBK Holdings USA, Inc. (a California corporation), Pelican Holdings LLC, Title365.com, Los Angeles County Tax Collector, and any and all tenants, Jeffrey Hoefflin 401K Profit Sharing Plan and Nadel & Associates Profit Sharing Plan, and Sarkis Sam Papazyan. Second Mot. for Final Order of Forfeiture 8-9, ECF 1820. These parties held various potential interests in the property.

On July 7, 2017, Pelican Holdings LLC, Jeffrey Hoefflin 401k Profit Sharing Plan, and Nadel & Associates Profit Sharing Plan recorded a deed of trust (instrument 20170758452) on the property. On July 24, 2018, the deed of trust was assigned to SBK Holdings USA, Inc. by instrument 20180740647.

By limiting the termination of interests to "ownership interests," the order has unintentionally excluded interests that are intended to be extinguished by a final order of forfeiture including security interests like the one assigned to SBK Holdings USA, Inc. If the order remains as written, the IRS will need to pay the mortgage amount to SBK Holdings USA, Inc. SBK Holdings USA, Inc. was an entity owned by the defendant and which was involved in the distribution of fraud proceeds. *See* Memorandum Decision: Findings RE Specific Property Subject to Forfeiture (ECF 1376) (on page 12, involvement of SBK, an entity owned by Mr. Dermen, in the loan of $11.2 million of fraud proceeds to Kazi Zubair; on page 13 and 15, SBK was noted as one of the entities received fraud proceeds and laundered fraud proceeds; on page 21, "funds used to purchase property were moved from WRE to SBK Holdings USA, Inc. as part of the money laundering conspiracy charged in Count 2 . . . .").

While ownership is one of the most often addressed interests in the ancillary proceeding, such interests are not the only ones considered. The rules related to third-party interests in property subject to forfeiture contemplate consideration of a broad array of interests in property ordered forfeit. Under 21 U.S.C. § 853(n)(1), the government may send direct notice to "any person known to have an interest in the property . . . ." Section 853(n)(2) provides that "[a]ny person, other than the defendant, asserting a legal interest in the property . . . may . . . petition the court to adjudicate the validity of his alleged interest in the property." Section 853(n)(3) requires the petitioner to describe the "interest in property" in certain ways. Under 21 U.S.C. § 853(n)(6), the court can modify a forfeiture to account for a petitioner's "interest in the property." These provisions do not limit petitioners to only asserting ownership interests.

If the order only extinguishes only "ownership interests" then arguably any other types of property interests such as security interests and leasehold interests remain intact. This result is contrary to the intent and purpose of a final order of forfeiture, which is intended under 21 U.S.C. § 853(n)(7) to give the United States "clear title to the property."

For these reasons, the United States requests that the court enter the enclosed Amended Second Final Order of Forfeiture Regarding Certain Property, which maintains all the language from the original order except on Page Five it references "any interest" instead of "ownership interest" in reference to the interests terminated by the order.

Respectfully submitted,

MELISSA HOLYOAK
United States Attorney

*/s/ Travis K. Elder*
TRAVIS K. ELDER
Assistant U.S. Attorney