MELISSA HOLYOAK, United States Attorney (9832)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH 0062368)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, #1800 | Salt Lake City, Utah 84111
(801) 524-5682
richard.m.rolwing@usdoj.gov
travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB ORTELL KINGSTON, et al.,<br><br>Defendants. | **MOTION TO SHOW CAUSE RE CIVIL CONTEMPT BY NOIL LLC AND GEORGE TERMENDZYAN**<br><br>Case No. 2:18-cr-00365-JNP<br><br>Chief Judge Jill N. Parrish |

## INTRODUCTION

The United States moves for an order requiring Noil LLC and George Termendzyan ("Claimants") to show cause why they should not be held in civil contempt for failing to comply with the Court's September 11, 2026 Post-Forfeiture Order under 21 U.S.C. § 853(g) to Protect and Take Custody of a 2010 Bugatti Veyron and a 2015 Lamborghini Aventador. ECF 1851 (the "September 11 Order"). To date, Noil LLC and Mr. Termendzyan have not complied with Paragraphs 5 and 6 of the order, and the explanations offered by counsel do not establish a legally sufficient inability to comply. George Termendzyan should be required to show cause at a hearing under oath before this court individually and as representative of Noil LLC to explain why he and his company have not complied with the order, why they cannot comply with it, and why they should not be held in civil contempt.

## BACKGROUND & FACTS

### A. Lev Dermen, the father of George Termendzyan, acquired the Bugatti and Lamborghini with fraud proceeds and this Court ordered their forfeiture because of their connection to his offenses.

The Bugatti was originally purchased by defendant Jacob Kingston for Levon with fraud proceeds in July/August of 2013. Forfeiture Trial GX 2-5; Mem. Decision: Findings Re Specific Property Subject to Forfeiture ("Forfeiture Findings") 24, ECF 1376; Trial Ex. GX 22-1.[1] After the purchase, the title was turned over to Levon. GX 22-06 at 2. Within six months of the purchase, the vehicle was titled to Noil LLC on January 14, 2014. Trial Ex. GX 22-08 at 2.

Noil LLC purchased the Lamborghini using proceeds traced to the tax fraud and money laundering conspiracy on approximately February 4, 2016. Forfeiture Trial Ex. GX F9; Forfeiture Findings at 24, ECF 1376. Levon Termendzyan signed the paperwork on behalf of Noil LLC related to the Lamborghini's purchase. *Id.* at 6-7. The address for Noil LLC is listed as 124 W Pine St, Missoula, MT 59802.[2] *Id.*

On August 1, 2018, Levon Termendzyan and others were indicted in this case. ECF 1.

On November 15, 2022, following a forfeiture bench trial, the Court found that the 2010 Bugatti Veyron, VIN VF9SC2C23AM795205, was acquired with $1,820,000 in fraud proceeds, constituting its entire purchase price, and was connected to the convictions on Counts 1 and 2. Forfeiture Findings at 24, ECF 1376. The Court made similar findings concerning the 2015 Lamborghini Aventador, VIN ZHWUR1ZD2FLA03759, when it found that the Lamborghini was acquired with $462,000 in fraud proceeds. *Id.* at 24-25. The March 24, 2023 Preliminary Order of Forfeiture identifies the Bugatti as Asset M and the Lamborghini as Asset N. ECF 1397, 1397-1 at 12.

---

[1] GX 22-1 references Levon. Levon is a reference to Levon Termendzyan or Lev Dermen, the defendant in this case, and father of George Termendzyan.

[2] As noted below, this is the same address as the Noil LLC owned by George Termendzyan.

### B. Noil LLC and George Termendzyan claimed exclusive dominion and control over the vehicles and when they failed to provide the government with a valid basis for their claims, the government obtained the September 11 Order to secure the vehicles.

On or about April 26, 2023, Claimants initially advised the United States of their claims to the vehicles:

**From:** Richard Klugh <rickklu@aol.com>
**Sent:** Wednesday, April 26, 2023 2:52 PM
**To:** Elder, Travis (USAUT) <TElder@usa.doj.gov>
**Cc:** hsrebnick@royblack.com
**Subject:** [EXTERNAL] United Slates v. Jacob Ortell Kingston, et al., Case No. 2:1S-cr-00365-JNP

Dear Travis, This email will confirm our telephone conference earlier today regarding claimants, George Termendzhyan, Noil Holdings, LLC, and SBK Holdings USA, Inc., who received notice of the preliminary forfeiture order in this case. The government has agreed to extend until June 1, 2023, the time for filing ancillary petitions by these claimants. This extension applies to related or associated entities under the "Noil" name that have not yet received notice; they will also abide by the June 1, 2023 filing deadline. The specific assets at issue include those in paragraphs L2, L4, M, and N of docket entry 1397-1. Thank you for your consideration in this matter. Best regards. - Richard Klugh

Richard C. Klugh, P.A.
40 NW 3rd Street, PH1
Miami, Florida 33128
Tel. (305) 536-1191
Cell (305) 903-6900

After a series of extensions to file a formal petition and the filing of a motion for new trial on October 18, 2023 (ECF 1603), the government agreed on December 4, 2023, to a stay of the deadline to file petitions until 30 days after the court rules on the motion for new trial.

After the Tenth Circuit upheld Dermen's sentence and conviction (ECF 1800 dated 10/7/2025), the Supreme Court denied certiorari (ECF 1810 dated 2/23/26), and it accordingly appeared unlikely that the still pending motion for new trial would be granted, the United States reinitiated contact with Claimants' counsel on March 2, 2026, to request that Claimants provide a

basis for their claims within three weeks of March 3. On March 17, the government agreed to give Claimants' counsel an additional 30 days.

On April 16, Claimants' counsel represented that all "of the property has been titled in and operated by the claimants for years." Counsel also attached a claim summary that indicated Noil LLC is the owner of the vehicles and has "exercised exclusive dominion and control" and "continuous and uninterrupted ownership of these vehicles, including for investment purposes." Ex. A.

On May 5, 2026, the government asked Claimants' counsel directly if his clients had possession of the vehicles and requested that they provide the following additional documentation within two weeks to verify their claims:

1. A copy of the lease and any addendums or related documents related to the two real properties.
2. Documentation establishing that Noil LLC is a bona fide purchaser of the two vehicles. You say it is on title. How did it acquire these vehicles and for what consideration? I need the details and supporting documentation.
3. Provide copies of the title and ownership records related to the vehicles.
4. Copies of all records related to Noil Holdings LLC acquisition of the real property including bank records or other records that show transfer of consideration.
5. Records related to Noil Holdings LLC leasing the two real properties and records of income and expenses related to those leases.

On May 6, 2026, Claimants' counsel responded that he would work on it. On May 19, 2026, Claimant's counsel asked for a few more days, which the government agreed to. On May 26, 2026, Claimants' counsel asked for a couple more days, which the government again agreed to.

On May 29, 2026, Claimants' counsel provided the vehicle titles showing Noil LLC as the owner of both vehicles since February 7, 2018 (Ex. B). Claimants' counsel also provided an April 16, 2018 operating agreement for Noil LLC (Ex. C). The operating agreement is signed by George Termendzyan as the sole member and owner of the company located at 124 W Pine

Street, Missoula, MT 59802, and indicates that he contributed capital to the company in the form of the Bugatti and the Lamborghini:

> 1.2 **Principal Place of Business.** The principal place of business of the company is 124 W Pine Street, Missoula, MT 59802.

> 1.5 **Member.** The Member(s) (Owner(s)) of the Company is/are **George Termendzhyan.**

> 3.1 **Capital and Liabilities.** The initial Member(s) has/have contributed interests in the property described in Exhibit "A" attached hereto.

> This Operating Agreement is signed on the 16 day of April, 2018.
>
> George Termendzhyan

> EXHIBIT A
>
> A 2015 Lamborghini Aventador, VIN: ZHWUR1ZD2FLA03759,
> A 2010 Bugatti Veyron, VIN VF9SC2C23AM795205
> registered in the state of California.

Ex. C at 1, 4. Counsel indicated that he would supplement these materials in the next few weeks.

On June 24, 2026, the government reminded Claimants' counsel that it was still waiting for the promised supplementary material and asked that it be provided as soon as possible. Having not heard from Claimants' counsel for over a month, on July 28, 2026, the government sent Claimants' counsel an email detailing the purchase of the claimed assets with fraud proceeds, why the documents provided to date were insufficient, and asked that the promised supplementary materials be provided by August 4. Claimants' counsel responded that same day: "I thought we agreed to stay this pending the ruling on the motion for new trial." In response, on

July 29, 2026, the government sent an even more detailed demand that Claimants' provided the requested information:

> **From:** Elder, Travis (USAUT)
> **Sent:** Wednesday, July 29, 2026 8:28 AM
> **To:** RICHARD KLUGH <rickklu@aol.com>
> **Cc:** hsrebnick@royblack.com; Rolwing, Richard M (CRM) <Richard.M.Rolwing@usdoj.gov>; Nelson, Jessica (USAUT) [Contractor] <Jessica.Nelson@usdoj.gov>
> **Subject:** RE: [EXTERNAL] Re: U.S. v. Kingston - Ancillary Proceeding
>
> As I indicated back in March (email highlighted below), given the denial of the appeal, it seems unlikely that Chief Judge Parrish will grant the motion for new trial. I don't know how much longer the judge will take to decide the motion, but we need to move forward in getting this resolved.
>
> The assets at issue were purchased entirely with fraud proceeds. I have provided to [sic] documentation showing that and the court has made that nexus finding. I am willing to recognize a valid interest of your client's [sic] if one exists, which is why I need to see any documentation you have regarding value given. So far, the documentation I have received does not show your clients have any sufficient interest in the property. That they received title is not enough; I need to see documentation that shows why they received title, for how much, and the source of those funds. These are very valuable assets subject to the court's forfeiture order and there is a large restitution bill in this case. If your clients do not have an interest, the government has an obligation to move forward with securing the assets.
>
> If you need more time to gather the evidence I have requested, I am willing to give it to you. However, since I do not know whether your clients have an interest, the assets do need to be secured by the government. What I would like is to make an agreement regarding the lease payments, the continued use of the real property while this matter is pending, and the vehicles need to be turned over to the United States. If your clients are willing on these points, I will draft an agreement for your review.
>
> If you think the August 4 date to provide documentation is feasible, let me know that. If not, let me know by the end of this week what timetable you would like and whether your clients are open to making the asset preservation agreements I have proposed. I am happy to get on a call to discuss as well.
>
> These are very valuable assets subject to the court's forfeiture order and there is a large restitution bill in this case. If your clients do not have an interest, the government has an obligation to move forward with securing the assets.

Having not had any response to this email, the government obtained the September 11, 2026 Order to secure the vehicles (ECF 1851).

**C. After the government served the September 11 Order on Claimants, they reversed their claim of long-term dominion and control of the vehicles and claimed that they did not know the location of the vehicles they held title to.**

The September 11 Order expressly names the Bugatti and Lamborghini as the restrained "Subject Property" and the Claimants as "Restrained Parties." ECF 1851 ¶¶ 1-2.

Paragraph 5 of the order requires certain disclosures:

> Within seven days after service of this Order, the Restrained Parties shall provide the United States, through counsel, regarding the Subject Property: (a) the exact storage address and the identity and contact information of the current custodian; (b) the current odometer reading; (c) date-stamped photographs reasonably sufficient to document the exterior, interior, VIN plate, odometer, and keys; (d) copies of current title, registration, insurance, storage, and material maintenance records in their possession, custody, or control; and (e) written disclosure of any known lien, security interest, levy, impoundment, ownership demand, or other encumbrance or claim affecting the Subject Property.

Paragraph 6 of the order requires surrender of the vehicles:

> Arrangement and Turnover. Noil LLC and any person or entity in possession or control of the Subject Property shall, within seven days after service of this Order: contact the United States through counsel or the federal representative designated by the United States to arrange surrender. The Subject Property shall be delivered to the federal custodian designated by the United States, at the time and location specified by the United States, within 30 days after entry of this Order, unless the United States agrees in writing to a different date or arrangements or the Court orders otherwise. At surrender, the person or entity having possession or control shall also deliver all original title and registration documents then in its possession or control, all keys and key fobs, and the items described in Paragraph 1 that are reasonably available.

The government served the restraining order on Claimants' counsel by email on September 14, 2026:

> **From**: Elder, Travis (USAUT)
> **Sent**: Monday, September 14, 2026 9:18 AM
> **To**: RICHARD KLUGH <rickklu@aol.com>; hsrebnick@royblack.com
> **Cc**: Rolwing, Richard M (FRD) <Richard.M.Rolwing@usdoj.gov>; Reichert, Rebecca (USAUT) <Rebecca.Reichert@usdoj.gov>; Nelson, Jessica (USAUT) [Contractor] <Jessica.Nelson@usdoj.gov>
> **Subject**: U.S. v. Kingston - Ancillary Proceeding - Order re Bugatti and Lamborghini
>
> Good morning, Richard/Howard. The court has entered a restraining order (attached) that requires certain behavior of your clients (Noil LLC and George Termendzyan) related to the Bugatti and Lamborghini, to make certain disclosures, and to make arrangements for the turnover of that property to the government pending completion of the ancillary

proceeding. After you have had a chance to review the order, happy to discuss further. Please confirm receipt, so that I know you received the order and accept service for your clients.

As I indicated in a July 29 email, the government is willing to recognize a valid interest of your clients' in this property if one exists, but the documentation we have received so far is insufficient to determine that such an interest exists. You have previously provided me with title documents showing that Noil LLC holds title to both vehicles. However, title alone is insufficient to prove that Noil LLC is a bona fide purchaser. *See, e.g.*, *United States v. Davis*, 2007 WL 1362614, *6 (S.D. Fla. 2007) (a nominee cannot be a bona fide purchaser under § 853(n)(6)(B); "courts look behind the formal title to ascertain 'whether the record title owner is a 'strawman' set up to conceal the financial affairs or illegal dealings of someone else.'"). I need to see documentation that shows why Noil LLC received title, for how much, the source of those funds, and that shows that Noil LLC was not merely a nominee for the defendant. How soon can you provide me with such documentation?

**From:** RICHARD KLUGH <rickklu@aol.com>
**Sent:** Monday, September 14, 2026 9:31 AM
**To:** Elder, Travis (USAUT) <Travis.Elder@usdoj.gov>
**Cc:** HSREBNICK@royblack.com; Rolwing, Richard M (FRD) <Richard.M.Rolwing@usdoj.gov>; Reichert, Rebecca (USAUT) <Rebecca.Reichert@usdoj.gov>; Nelson, Jessica (USAUT) [Contractor] <Jessica.Nelson@usdoj.gov>
**Subject:** [EXTERNAL] Re: U.S. v. Kingston - Ancillary Proceeding - Order re Bugatti and Lamborghini

Can you please provide us with a copy of the ex parte order that you submitted?

Richard C. Klugh
305-903-6900
Klughwilson.com

**From:** Elder, Travis (USAUT)
**Sent:** Monday, September 14, 2026 9:49 AM
**To:** 'RICHARD KLUGH' <rickklu@aol.com>
**Cc:** HSREBNICK@royblack.com; Rolwing, Richard M (FRD) <Richard.M.Rolwing@usdoj.gov>; Reichert, Rebecca (USAUT) <Rebecca.Reichert@usdoj.gov>; Nelson, Jessica (USAUT) [Contractor] <Jessica.Nelson@usdoj.gov>
**Subject:** RE: [EXTERNAL] Re: U.S. v. Kingston - Ancillary Proceeding - Order re Bugatti and Lamborghini

Sure. The motion and proposed order are attached.

On September, 22, 2026, the day after the seven-day deadline expired to provide the required initial disclosures and arrangements for surrender, the government emailed Claimants' counsel about complying with the order. Claimants' counsel responded that he had had issues

related to a recent medical procedure and asked if he could respond the next day. The government agreed. The next day, Claimants' counsel indicated that Mr. Termendzyan was out of the country and they were not able to confer and he asked for additional time until September 28. The government again approved.

On September 23, 2026, Claimants' counsel asked whether the government would be interested in settling the matter by allowing his clients to purchase the cars. After some back and forth, the government advised that a cash-in-lieu of the forfeiture might be possible and that it could be explored further once Claimants complied with the order. On September 28, 2026, Claimants' counsel responded again with some reasons why he could still not provide responses to the order including because his clients were still out of the country, personal medical issues, and work scheduling issues. Claimants' counsel further represented:

> The order itself is plenty of protection for the government as the client has unquestionable actual notice at this point, the cars are not being depreciated, and the client or anyone associated with him would not dare pull something. And again all he wants to do is come to a financial settlement anyway.

The government agreed to give Claimants' until October 6, 2026, to comply with the order.

On October 6, 2026, Claimants' counsel responded:

> **From:** Richard Klugh <rickklu@aol.com>
> **Sent:** Tuesday, October 6, 2026 4:32 PM
> **To:** Elder, Travis (USAUT) <Travis.Elder@usdoj.gov>; hsrebnick@royblack.com
> **Cc:** Rolwing, Richard M (FRD) <Richard.M.Rolwing@usdoj.gov>; Reichert, Rebecca (USAUT) <Rebecca.Reichert@usdoj.gov>; Nelson, Jessica (USAUT) [Contractor] <Jessica.Nelson@usdoj.gov>; Washburn Stephen A <stephen.washburn@ci.irs.gov>
> **Subject:** Re: [EXTERNAL] Re: U.S. v. Kingston - Ancillary Proceeding - Order re Bugatti and Lamborghini
>
> Travis,
>
> We have spoken to George Termendzyan, who has authorized us to inform you that neither he nor Noil LLC intends to pursue a claim for the two vehicles, and he has no additional information or documents, beyond what we have previously provided to you, that is responsive to Paragraph 5 of the Court's 9/11/2026 Order.

The government responded on October 7 seeking clarification and renewed compliance:

**From:** Elder, Travis (USAUT)
**Sent:** Wednesday, October 7, 2026 4:19 PM
**To:** 'Richard Klugh' <rickklu@aol.com>; hsrebnick@royblack.com
**Cc:** Rolwing, Richard M (FRD) <Richard.M.Rolwing@usdoj.gov>; Reichert, Rebecca (USAUT) <Rebecca.Reichert@usdoj.gov>; Nelson, Jessica (USAUT) [Contractor] <Jessica.Nelson@usdoj.gov>; Washburn Stephen A <stephen.washburn@ci.irs.gov>
**Subject:** RE: [EXTERNAL] Re: U.S. v. Kingston - Ancillary Proceeding - Order re Bugatti and Lamborghini

Richard,

Your email is very concerning and difficult to reconcile with your clients' prior representations and their recent request to resolve the forfeiture of the vehicles through a cash-in-lieu payment.

In April, your clients asserted that Noil LLC owned both vehicles, held title to them, and had exercised exclusive dominion and control over them. They represented that the title and ownership records demonstrated "continuous, uninterrupted ownership," including ownership for investment purposes. They also asserted that the vehicles had been acquired for fair market value and that they qualified as bona fide purchasers.

The United States afforded your clients additional time to gather and provide evidence supporting those assertions. On July 28, I explained that title alone was insufficient to establish a superior interest under 21 U.S.C. § 853(n) and requested evidence substantiating the alleged bona fide purchases. The Court then entered an Order requiring additional information, documentation, and turnover the vehicles to the government on September 11.

On September 23, after entry of that Order, you contacted me to ask whether the government would consider resolving the forfeiture of the vehicles through an agreed cash-in-lieu payment. You emphasized a strong desire to resolve the matter through a cash payment. Following further discussion, I agreed to consider a concrete proposal and asked you to provide one. After several delays, your clients now state that they do not intend to pursue their claims and are providing no additional information or documents.

That sequence of events raises substantial concerns about the accuracy and completeness of your clients' prior representations and whether they have been proceeding in good faith. As recently as September 23, your clients were attempting to negotiate a payment that would permit them to retain vehicles they claimed to own and control. Their unexplained abandonment of those claims once required to substantiate them does not answer who currently holds title to, possesses, or controls the vehicles.

Your clients may elect not to pursue an ancillary claim. That decision, however, does not relieve any person or entity subject to the Court's September 11 Order of the obligation to comply with it. Nor does it alter the present title, location, possession, or control of either vehicle. If Noil LLC continues to hold title to either vehicle, or if your clients possess or control either vehicle, they must comply with the Order notwithstanding their decision not to seek adjudication of an ownership interest. If title, possession, or control has changed, the United States is entitled to know when and how that occurred.

Accordingly, please provide the following information by close of business this Friday:

1. Confirm whether Noil LLC currently holds title to either the 2010 Bugatti Veyron or the 2015 Lamborghini Aventador.

2. Identify the current titled owner, physical location, and custodian of each vehicle.

3. State whether either vehicle has been sold, transferred, retitled, assigned, encumbered, or otherwise disposed of since your clients asserted their claims in April. If so, identify the date, transferee, consideration paid, and circumstances of the transaction, and provide all related title documents, bills of sale, payment records, registration records, and other supporting documentation.

4. If your clients no longer possess or control either vehicle, identify when and how they relinquished possession or control, the person or entity to whom possession or control was transferred, and the vehicles' last known locations.

5. Confirm that your clients have produced all information and documents required by Paragraph 5 of the Court's September 11 Order. If they have not, please produce the outstanding information and documents immediately.

6. Confirm whether Noil LLC is formally withdrawing or disclaiming its asserted interest in both vehicles, identify the person authorized to make that decision on Noil LLC's behalf, and state whether Noil LLC will execute any documents necessary to surrender the vehicles and effectuate their forfeiture.

If your clients fail to provide the required information and fully comply with the September 11 Order by close of business this Friday, including making arrangements to surrender the vehicles as was required within seven days of the Order's entry, the United States will seek appropriate relief from the Court, including for contempt.

To the extent your clients intend to maintain any claim in this matter, they will need to file their petition by October 16.

On October 9, 2026, Claimants' counsel responded:

**From:** Richard Klugh <rickklu@aol.com>
**Sent:** Friday, October 9, 2026 4:47 PM
**To:** Elder, Travis (USAUT) <Travis.Elder@usdoj.gov>; hsrebnick@royblack.com
**Cc:** Rolwing, Richard M (FRD) <Richard.M.Rolwing@usdoj.gov>; Reichert, Rebecca (USAUT) <Rebecca.Reichert@usdoj.gov>; Nelson, Jessica (USAUT) [Contractor] <Jessica.Nelson@usdoj.gov>; Washburn Stephen A <stephen.washburn@ci.irs.gov>
**Subject:** Re: [EXTERNAL] Re: U.S. v. Kingston - Ancillary Proceeding - Order re Bugatti and Lamborghini

Travis, We received your email, and I hope to respond to what you outlined regarding the prior communications as soon as possible.
Meanwhile, the answers to the specific questions that you sent us are as follows:

1. Confirm whether Noil LLC currently holds title to either the 2010 Bugatti Veyron or the 2015 Lamborghini Aventador.

**Noil LLC has a copy of the title but does not possess the original. Noil LLC has not transferred title to anyone.**

2. Identify the current titled owner, physical location, and custodian of each vehicle.

**See answer to question one above. The clients do not know of any other title owner to the vehicles, nor their physical location at this time, nor their custodian (if any).**

3. State whether either vehicle has been sold, transferred, retitled, assigned, encumbered, or otherwise disposed of since your clients asserted their claims in April. If so, identify the date, transferee, consideration paid, and circumstances of the transaction, and provide all related title documents, bills of sale, payment records, registration records, and other supporting documentation.

**The clients are not aware of either vehicle having been sold, transferred, retitled, assigned, encumbered, or otherwise disposed of, since April 2026, or before. Noil LLC has not transferred title to anyone or engaged in the other actions referenced in question three.**

4. If your clients no longer possess or control either vehicle, identify when and how they relinquished possession or control, the person or entity to whom possession or control was transferred, and the vehicles' last known locations.

**To the clients' knowledge, Mr. Dermen, a member of George Termendzyan's immediate family, i.e., his father, was the individual who personally had physical possession of the vehicles at all times, although title was not transferred to him. The clients have no other information regarding the vehicles' last known locations.**

> 5. Confirm that your clients have produced all information and documents required by Paragraph 5 of the Court's September 11 Order. If they have not, please produce the outstanding information and documents immediately.
>
> **Confirmed.**
>
> 6. Confirm whether Noil LLC is formally withdrawing or disclaiming its asserted interest in both vehicles, identify the person authorized to make that decision on Noil LLC's behalf, and state whether Noil LLC will execute any documents necessary to surrender the vehicles and effectuate their forfeiture.
>
> **Noil LLC, through its authorized representative George Termendzyan, confirms that Noil LLC is not pursuing an ancillary petition regarding either of the vehicles and, to facilitate the final forfeiture order that will follow from the clients' decision not to pursue such relief, Noil LLC will execute any documents necessary for lawful surrender of the vehicles.**
>
> Richard C. Klugh
> Klugh Wilson LLC
> 40 NW 3rd Street, PH1
> Miami, Florida 33128
> Tel. (305) 536-1191
> Cell (305) 903-6900
> klughwilson.com

Claimants' counsel and the government have continued communication since this email, but Claimants still have not complied with the order and have not provided sufficient explanation and evidence that they cannot comply with it given their prior representations and pursuit of a claim in this matter.

## LEGAL STANDARD

Federal courts possess statutory and inherent authority to enforce their lawful orders through civil contempt. 18 U.S.C. § 401(3); *Shillitani v. United States*, 384 U.S. 364, 370 (1966). The government must establish by clear and convincing evidence that a valid order existed, the respondent knew of it, and the respondent disobeyed it. *FTC v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004) (en banc).

The command sought to be enforced must be clear and unambiguous and provide explicit notice of the required or prohibited conduct. *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974);

*Derma Pen, LLC v. 4EverYoung Ltd.*, 737 F. App'x 396, 401-02 (10th Cir. 2018) (unpublished); *Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 377 (10th Cir. 1996). The government must make that showing as to each respondent before the burden shifts to the respondent to demonstrate compliance or inability to comply. *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008). A respondent asserting present inability to comply bears a burden of producing evidence supporting that defense. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

The Court has broad discretion in exercising its contempt power to secure compliance. *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001). Civil contempt relief must coerce compliance or compensate for losses caused by the violation. A noncompensatory civil fine must afford an opportunity to purge contempt through compliance. *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-29 (1994). Coercive imprisonment depends on the contemnor's ability to comply. *See Shillitani*, 384 U.S. at 371.

## ARGUMENT

### A. The September 11 Order is a valid, clear, and unambiguous order of this Court.

As authorized by 21 U.S.C. § 853(g), this Court entered an order that clearly defines the Claimants as the restrained parties, and the vehicles as the protected property. Paragraph Five of the order requires certain disclosures to be made within seven days and includes straightforward questions such as the storage address, current odometer reading, etc. Paragraph Six of the order requires Noil LLC, the titled owner of the vehicles and itself owned by George Termendzyan, to make arrangements for the surrender of the vehicles within seven days and for the person or entity having possession or control of the vehicles to deliver them to a Federal Custodian within 30 days. In compliance with the above authorities, the September 11 Order provides explicit notice of exactly what must be done, by whom, and when.

### B. Claimants had notice of the September 11 Order and the requirements it made of them.

Claimants clearly had notice of the order. The United States served the order by email on September 14 to their counsel who the United States had been emailing back and forth with for months prior. Claimants' counsel acknowledged receipt that day and on September 23 acknowledged "unquestionable actual notice at this point." The October 6 and 9 responses from Claimants' counsel show knowledge of the particulars of Paragraphs 5 and 6 of the order. George Termendzyan had notice of the order not only in his individual capacity as a named restrained party in the order but also for Noil LLC as its sole member and owner and the person authorized to act for that company under the 2018 Operating Agreement (Ex. C).

### C. Claimants have failed to comply with Paragraphs 5 and 6 of the September 11 Order.

The seven-day deadline to make the disclosures required by Paragraph 5 passed on September 21, 2026. Even with extensions, other than providing a copy of the vehicle titles, the required disclosures have not been made by Noil LLC or George Termendzyan. They failed to disclose the odometer reading (¶ 5(b)), provide date-stamped photographs (¶ 5(c)), or provide registration, insurance, storage, and maintenance records (¶ 5(d)). Regarding the storage address and custodian, they have claimed through their counsel in an October 9 email that they do not know that information, but as discussed below their "we don't know" answer is insufficient evidence to establish that they have complied with the order or are unable to do so.

The seven-day deadline to arrange surrender passed on September 21, 2026. The thirty-day deadline to deliver the vehicles passed on October 11, 2026. Even with the extensions given by the government, no arrangements were made timely, and no keys, fobs, original titles, or registration documents were delivered, and the vehicles have not been delivered to the federal custodian.

**D. Claimants have not carried their burden to show present inability to comply with the September 11 Order.**

Under *Rylander* and *Ford*, Claimants have not met their burden to show sufficient evidence of a present inability to comply. Claimants' explanation in the October 9 statement is that Dermen "personally had physical possession of the vehicles at all times." That assertion is unsworn, uncorroborated, and facially implausible given the context of the vehicle's acquisitions, Levon Termendzyan's connection to Noil LLC (GX F9 at 6-7), Noil LLC's title to Bugatti in January of 2014 (GX 22-08 at 2), Noil LLC's purchase of the Lamborghini in February 2016 (GX F9 at 6-7), George Termendzyan's relationship with Levon as his son, and the Claimants' earlier assertions of long-term dominion and control. Dermen has been in custody since 2018 and could not have physically possessed the vehicles for the last eight years. Noil LLC has held title essentially since the acquisition of the vehicles and George Termendzyan has been the sole owner and member of that company for over eight years since February 7, 2018. George Termendzyan's own April 2018 operating agreement states he contributed the Bugatti and Lamborghini to Noil LLC as capital, which is inconsistent with the claim that Dermen possessed them "at all times." Rather it is consistent that in 2018 when Levon Termendzyan was taken into custody for this case that his son George Termendzyan would assume dominion and control of the vehicles at that time. Through April–September 2026, Claimants' counsel represented that Noil LLC had "exercised exclusive dominion and control" and "continuous, uninterrupted ownership" and sought a cash-in-lieu settlement — representations incompatible with not knowing the vehicles' location.

Claimants cannot meet their burden with self-serving denials in the context of such contradictions. These circumstances warrant testing their inability defense through live testimony under oath at a show cause hearing especially given the value of the vehicles and the long period they have been withheld from the government. *See Rylander*, 460 U.S. at 757-61 (holding in

person hearing to examine a respondent's assertion that he no longer possessed corporate records); *Ford*, 514 F.3d at 1052 (rejecting a due process argument and finding that the hearing held by the court afforded a person claimed to have violated a court order an "opportunity to present his version of events.").

### E. The withdrawal of the potential ancillary claim does not relieve Claimants of their obligations under the Order.

The September 11 Order restrains conduct and compels disclosure and turnover. It is not conditioned on filing or continued prosecution of an ancillary claim. Noil LLC still holds title and admits as much. The vehicles remain subject to forfeiture and as property protected by the September 11 Order whether Claimants file a formal petition in the ancillary proceeding to claim an interest in them or not. Abandonment of a § 853(n) petition, if anything, strengthens the government's right to immediate custody under § 853(g). The requested hearing serves the present protective purpose of § 853(g): obtaining the information and cooperation needed to locate and secure the property already identified in the forfeiture order and to protected that property under the September 11 Order.[3]

## REQUESTED RELIEF

The United States respectfully requests the following relief:

An order to show cause:

1. Requiring the service of the show cause order upon counsel for Noil LLC and George Termendzyan;
2. Directing George Termendzyan individually and as a representative of Noil LLC as its sole member and owner to show cause personally at a hearing under oath and in writing why he and his company should not be held in civil contempt for failing to comply with Paragraphs 5 and 6 of the September 11 Order; and

[3] Additionally, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes court-approved discovery to identify, locate, or dispose of the property.

3. Allowing the United States to submit a written reply, if desired; and

Such other relief as the court determines is warranted including daily fines until compliance is made or such other consequences as the court determines are just and appropriate.

## CONCLUSION

For the foregoing reasons, the Court should enter the enclosed order requiring Noil LLC and George Termendzyan to show cause why they should not be held in contempt for failing to comply with the September 11 Order.

Respectfully submitted,

MELISSA HOLYOAK
United States Attorney

*/s/ Travis K. Elder*
TRAVIS K. ELDER
Assistant United States Attorney

*/s/ Richard M. Rolwing*
RICHARD M. ROLWING
Special Assistant United States Attorney