UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JACOB ORTELL KINGSTON, et al.,<br>Defendants. | ORDER FOR GEORGE TERMENDZYAN TO SHOW CAUSE<br>Case No. 2:18-cr-00365-JNP<br>Chief Judge Jill N. Parrish |

Before the court is the government's Motion to Show Cause. Dkt. No. 1863. The motion is GRANTED.

On September 11, 2026, the court issued a Post-Forfeiture Order Under 21 U.S.C. § 853(g) to Protect and Take Custody of a 2010 Bugatti Veyron and 2015 Lamborghini Aventador. Dkt. No. 1851. This order applied to certain persons and entities including Noil LLC and George Termendzyan.

Paragraph 5 of the order requires certain disclosures:

> Within seven days after service of this Order, the Restrained Parties shall provide the United States, through counsel, regarding the Subject Property: (a) the exact storage address and the identity and contact information of the current custodian; (b) the current odometer reading; (c) date-stamped photographs reasonably sufficient to document the exterior, interior, VIN plate, odometer, and keys; (d) copies of current title, registration, insurance, storage, and material maintenance records in their possession, custody, or control; and (e) written disclosure of any known lien, security interest, levy, impoundment, ownership demand, or other encumbrance or claim affecting the Subject Property.

Paragraph 6 of the order requires surrender of the vehicles:

> Arrangement and Turnover. Noil LLC and any person or entity in possession or control of the Subject Property shall, within seven days after service of this Order: contact the United States through counsel or the federal representative designated

> by the United States to arrange surrender. The Subject Property shall be delivered to the federal custodian designated by the United States, at the time and location specified by the United States, within 30 days after entry of this Order, unless the United States agrees in writing to a different date or arrangements or the Court orders otherwise. At surrender, the person or entity having possession or control shall also deliver all original title and registration documents then in its possession or control, all keys and key fobs, and the items described in Paragraph 1 that are reasonably available.

This order was served upon counsel for Noil LLC and George Termendzyan on September 14, 2026, via email. Since the entry of the order, Noil LLC and George Termendzyan have not made all the disclosures required by Paragraph 5 nor made arrangements to transfer custody of the vehicles and surrender the vehicles to the government as required by Paragraph 6.

Accordingly, IT IS HEREBY ORDERED:

The United States shall serve a copy of this order upon counsel for Noil LLC and George Termendzyan and shall submit a return to the court verifying the date of service.

George Termendzyan shall in his individual capacity and as representative of Noil LLC as its sole member and owner, appear at a hearing on **January 4, 2027 at 10:00 a.m. in Room 8.200** to show cause under oath why he and Noil LLC should not be found in civil contempt of the court's September 11 order by failing to comply with Paragraphs 5 and 6. By **December 11, 2026**, George Termendzyan and Noil LLC shall show cause why they should not be held in contempt in a brief filed with the court in this case. The United States shall submit its reply, if any, by **December 18, 2026**.

Signed November 10, 2026.

BY THE COURT:

Jill N. Parrish
Chief Judge for the District of Utah