MELISSA HOLYOAK, United States Attorney (9832)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH 0062368)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, #1800 | Salt Lake City, Utah 84111
(801) 524-5682
richard.m.rolwing@usdoj.gov
travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB ORTELL KINGSTON, et al.,<br><br>Defendants. | EX PARTE APPLICATION FOR 21 U.S.C. § 853(g) ORDER TO PROTECT INTEREST OF THE UNITED STATES IN FORFEITED PROPERTY<br><br>Case No. 2:18-cr-00365-JNP<br><br>Chief Judge Jill N. Parrish |

Pursuant to 21 U.S.C. § 853(g), the United States of America respectfully moves the Court *ex parte* for an order protecting the interest of the United States in two Real Properties previously ordered forfeited in the Court's Preliminary Order of Forfeiture (ECF 1397): (1) 1605 Cactus Road, San Diego, California (APN 646-270-11-00) ("Cactus Road"); and (2) 7004 Camino Maquiladora, San Diego, California (APN 646-270-02-00) ("Camino Maquiladora") and a lease of these properties pursuant to an August 1, 2016 Commercial Lease Agreement (collectively, the "Subject Property").

The proposed order restrains certain persons including Noil Holdings LLC, Noil USA Inc, GT Energy Companies, Inc., George Termendzhyan ("Potential Petitioners") from engaging in conduct or failing to engage in conduct that could impact the value of the property, protects income from the lease and a $30,000 security deposit paid under it, and other provisions that will

help protect the status quo while the interests of the Potential Petitioners are considered in the ancillary proceeding.

## FACTS AND BACKGROUND

This case arises from a large-scale scheme to fraudulently obtain hundreds of millions of dollars in renewable-fuel tax credits from the United States and launder the resulting proceeds. On January 17, 2019, the grand jury returned a second superseding indictment charging the defendants, including Lev Aslan Dermen, also known as Levon Termendzhyan ("Dermen") with various charges including with a conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

The indictment further alleged that the defendants "transferred, and caused to be transferred, Dermen's share of proceeds of a Mail Fraud Scheme from Washakie's bank accounts to himself and to and from entities that he controlled, including Noil Energy Group, Viscon International Inc., and SBK Holdings USA, Inc." ECF 135 at 27.

On November 15, 2022, after an evidentiary forfeiture hearing, the Court entered a Memorandum Decision: Findings Re Specific Property Subject to Forfeiture, ECF 1376. The Court found by a preponderance of the evidence that the Real Properties were purchased in the same transaction, that they are two separate commercial properties that include a gas station and a Mexican restaurant, and that the $3,132,000 used to acquire them consisted entirely of fraud proceeds traceable to two United States Treasury checks totaling approximately $164 million. ECF 1376 at 20-23.

The Court further found that the funds used to purchase the Real Properties were moved through international bank accounts as part of the money-laundering conspiracy charged in

Count 2 and were transferred from Washakie Renewable Energy to SBK Holdings USA, Inc. as part of that conspiracy. *Id.*

On March 24, 2023, the Court entered its Preliminary Order of Forfeiture (ECF 1397). Exhibit 1 to the Preliminary Order of Forfeiture (ECF 1397-1) identifies Cactus Road as Asset L(2) and Camino Maquiladora as Asset L(4). The Real Properties therefore have already been ordered forfeited, subject to resolution of any third-party interests under 21 U.S.C. § 853(n).

On or about April 26, 2023, counsel for Potential Petitioners advised the United States of their intent to file a petition claiming certain interests in Cactus Road and Camino Maquiladora. Noil Holdings LLC claims to be the titled owner the Real Properties and landlord under the August 1, 2016 Commercial Lease Agreement ("Lease" attached as Ex. 1). Noil USA, Inc claims an interest as a tenant under the Lease. GT Energy Companies, Inc. claims that it is the owner of business personal property associated with operations of a business on the Real Properties. George Termendzhyan claims an interest as an owner or person with an interest in Noil Holdings LLC, Noil USA, Inc, and/or GT Energy Companies, Inc. These informal assertions to the United States do not alter the forfeiture determination and remain for resolution under Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853(n) through a petition in the ancillary proceeding.

After a series of extensions to file a formal petition and the filing of a motion for new trial on October 18, 2023 (ECF 1603), the government agreed on December 4, 2023, to a stay of the deadline for Potential Petitioners to file petitions until 30 days after the court rules on the motion for new trial.

After the Tenth Circuit upheld Mr. Dermen's sentence and conviction (ECF 1800 dated 10/7/2025), the Supreme Court denied certiorari (ECF 1810 dated 2/23/26), and it accordingly

appeared unlikely that the still pending motion for new trial would be granted, the United States reinitiated contact with Potential Petitioners' counsel on March 2, 2026, to request that they provide a basis for their claims within three weeks of March 3. After multiple extensions, counsel for Potential Petitioners provided a description of their interests and some documents including the Lease. The United States has asked counsel for Potential Petitioners to provide additional documents showing that the actually paid value for their interests and the source of funds for such payments. The Potential Petitioners have not yet provided the requested documentation and have not responded to requests for a voluntary agreement regarding preservation of the rental income from the Lease. Accordingly, the United States is seeking the order in this application to protect its interest in the Subject Property while it continues to try and resolve Potential Petitioners' interests in the ancillary proceeding.

The Lease includes several provisions that require payment of funds to Noil Holdings LLC as the landlord. Primary among those is a requirement that Noil USA Inc as tenant pay Noil Holdings LLC monthly rent of $10,000 on the first day of each month. Lease at § 5.

The Lease required Noil USA Inc to pay Noil Holdings LLC a $30,000 security deposit prior to the Lease's execution. Lease at § 10.

The Lease requires Noil USA Inc to make payments to Noil Holdings LLC related to real estate taxes and assessments levied against the Real Properties. Lease at § 11(b). While the Lease does not explicitly state that Noil Holdings LLC is responsible for paying the taxes and assessments, it is a reasonable assumption that Noil Holdings LLC is responsible for doing so as the titled owner of the property and those payments should be ordered to be made as part of the Court's order.

## Applicable Law

The criminal-forfeiture procedures in 21 U.S.C. § 853 apply here through 18 U.S.C. § 982(b)(1) (making Section 853 applicable to money laundering related convictions) and 28 U.S.C. § 2461(c) (making civil forfeiture authorities such as for mail fraud under 18 U.S.C. § 981(a)(1)(C) applicable in criminal forfeiture proceedings and adopting Section 853 procedures for those proceedings). Upon entry of a preliminary order of forfeiture, Federal Rule of Criminal Procedure 32.2(b)(3) authorizes the Attorney General or a designee to seize the specific property subject to forfeiture.

Section 853(g) provides additional and broad post-forfeiture order authority to protect forfeited assets. Upon entry of the forfeiture order, "the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper." The section further provides that upon application of the United States, the court may:

> enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take ***any other action*** to protect the interest of the United States in the property ordered forfeited.

21 U.S.C. § 853(g) (emphasis added). Such protection orders can extend to any property in the forfeiture order regardless of its location. 21 U.S.C. § 853(l).

Courts, including in this district, have recognized broad authority under Section 853(g) to protect the Government's interest in property subject to a criminal forfeiture order. *See United States v. Peterson*, No. 04-CR-752, 2010 WL 2331990, at *2 (S.D.N.Y. June 9, 2010) (unpublished) (citing § 853(g) and noting that while an ancillary proceeding is pending "the Government is entitled to a restraining order to preserve the status quo and ensure that its interest in [the properties in the forfeiture order] is not diminished or lost"); *United States v. Young*, No.

2:12-cr-00502-TC, ECF 556 (D. Utah 2014) (unpublished) (§ 853(g) order entered authorizing IRS-CI to take custody of forfeited real properties, collect rents and security deposits, and enter the properties to assess and preserve their condition). An order of forfeiture for purposes of § 853(g) includes a preliminary order of forfeiture. *See United States v. McCorkle*, No. 6:98-CR-52, 2000 WL 133759, at *26 (M.D. Fla. Jan. 14, 2000) (noting entry of preliminary order of forfeiture authorized the United States to seize property in that order under § 853(g)); *United States v. Riedl*, 214 F. Supp. 2d 1079, 1080 (D. Haw. 2001) (same).

Authorities applying the analogous pretrial-restraint provisions of § 853(e) further demonstrate the breadth of the Court's preservation authority. The Supreme Court has upheld pretrial restraints of directly forfeitable property upon probable cause. *United States v. Monsanto*, 491 U.S. 600, 612-16 (1989); *see also Kaley v. United States*, 571 U.S. 320, 323-24 (2014); *United States v. Park*, 825 F. Supp. 2d 644, 647 (D. Md. 2011). Those cases concerned procedurally earlier stages, providing additional support for preservation where we have had convictions, pleas, an evidentiary nexus determination, and an entry of a forfeiture order.

Analogous authorities addressing post-indictment restraints under § 853(e) also recognize that a pre-restraint hearing is not required and may be sought *ex parte*. *See United States v. Musson*, 802 F.2d 384, 386-87 (10th Cir. 1986); *United States v. Wittig*, No. 03CR40142, 2007 WL 1875677, * 6 (D. Kan. 2007) (unpublished) (citing *Musson*, "due process does not require a hearing before restraining assets under § 853(e)"); *United States v. E-Gold, Ltd.*, 521 F.3d 411, 417 (D.C. Cir. 2008), abrogated in part on other grounds by *Kaley v. United States*, 571 U.S. 320 (2014) (no pre-restraint hearing required). Those cases arose under § 853(e), but their reasoning supports *ex parte* preservation relief here, where the Court has already found the Subject Property forfeitable and entered a forfeiture order.

Section 853(g) also expressly addresses situations where income is derived from forfeited property. It provides that such income "may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties." Until the Potential Petitioners prove that the Lease is legitimate and that they are bona fide purchasers under 21 U.S.C. § 853(n)(6)(B), any income generated by the Lease should be protected while the adjudication of third-party interests remain pending. *See* 18 U.S.C. § 981(a)(1)(C) (forfeiture authority for mail fraud conspiracies that subjects to forfeiture the proceeds traceable to the offense and any property "derived" from such proceeds); 18 U.S.C. § 982(a)(1) (forfeiture authority for money laundering conspiracies that subjects to forfeiture all property involved in the offense and "any property traceable to such property"); *United States v. Johnson*, No. 1:22-CR-00016-MR-WCM, 2023 WL 3136141, at *8 (W.D.N.C. Apr. 27, 2023) (unpublished) (defendant convicted of bank fraud must forfeit not only the proceeds of the false loans and the property purchased with them, but also the rental income on those properties and any appreciation in their value), *aff'd in part, dismissed in part,* No. 23-4770, 2025 WL 3187994 (4th Cir. Nov. 14, 2025) (on other grounds); *United States v. Rashid*, No. 17-20465, 2017 WL 4467501, at *2 (E.D. Mich. Oct. 6, 2017) (unpublished) (noting in context of a post-indictment restraining order, that an order involving real property can extend to rental income from that property if the real property was purchased with proceeds of the offense). Consequently, the forfeiture of the Real Properties naturally encompasses any income derived from them and that income should be protected while this matter is pending.

The United States recognizes that Lease income is not 100 percent profit. Consequently, the proposed order includes a procedure to account for Lease expenses.

Potential Petitioners may make claims on the Real Properties including the related Lease, but must do so in the ancillary proceeding by filing a petition under and following the procedures in 21 U.S.C. § 853(n). 21 U.S.C. § 853(n)(1); *see also Libretti v. United States*, 516 U.S. 29, 44 (1995); *United States v. McHan*, 345 F.3d 262, 269-270 (4th Cir. 2003) ("§ 853(n) provides all of the process due"); *United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001) (ancillary proceeding is "exclusive means" for third parties to assert claims to forfeited property; citing legislative history).

**REQUESTED RELIEF**

The United States respectfully requests an order that:

1. Restrains certain persons and entities including the Potential Petitioners from attempting, completing any action, or refraining from completing any action that would affect the availability or value of the Subject Property;
2. Requires Noil USA Inc to pay the monthly rent to the United States instead of Noil Holdings LLC;
3. Requires the transfer of the $30,000 security deposit to the United States;
4. Requires continued payment of the real property taxes and assessments;
5. Requires that the United States hold all funds that it receives pursuant to the order in a suspense account until this matter is resolved;
6. Allows Noil Holdings LLC to make claims for expenses under the Lease and for the United States to be able to recognize those claims and allow modification of the amount that Noil USA Inc must pay to the United States to account for Noil Holdings LLC's Lease expenses;

7. Directs that except as modified by the Order, Noil USA Inc and Noil Holdings LLC's respective lease obligations remain in effect and that the Order does not impose on the United States an assumption of the Landlord's duties, debts, or liabilities under the Lease.
8. Requires Noil USA Inc, Noil Holdings LLC, and George Termendzhyan to maintain the property;
9. Requires GT Energy Companies, Inc. to get approval from the United States to remove any of its property from the Real Properties and to provide the United States with a list of property it owns that is located on the Real Properties;
10. Permits the United States to inspect the condition the Real Properties and to assess their value;
11. Directs the restrained parties to contact certain personnel of the United States;
12. Allow the United States to reasonably extend the deadlines described in the order;
13. Broadly define the United States in the order to include it various agencies, employee, contractors, etc.;
14. Provide for modification of the order; and
15. Serve a copy of the order on the Potential Petitioners and make a return.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court grant this *ex parte* application under 21 U.S.C. § 853(g) and enter the proposed order protecting the interest of the United States in the Subject Property pending further order of the Court and completion of the ancillary proceeding.

Respectfully submitted:

MELISSA HOLYOAK
United States Attorney

*/s/ Travis K. Elder*
TRAVIS K. ELDER
Assistant United States Attorney